## HANS et al. v. HOLLER, Appellant.

### Division One, November 19, 1901,

Wills: CONTEST: PROCEEDING AT LAW: EQUITY TRIAL: FRAUD: REVERSAL. Courts of equity under the Missouri laws have no jurisdiction to set aside wills for fraud; that jurisdiction is vested exclusively in courts of law. And where the case was begun by a bill in equity, and was tried and determined purely as a proceeding in equity, the judgment setting the will aside will be reversed.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside, Judge.*

REVERSED.

*Thomas M.* and *Cyrus H. Jones* for appellant.

This case was tried by the circuit court without the intervention of a jury. Counsel who tried the case in the court below, both for plaintiff and defendant, proceeded on the theory that it was purely an equitable action. The plaintiff styles her suit—"Bill in equity to set aside a will."

*C. D. Jamison* for respondents.

BRACE, P. J.—This is a bill in equity to set aside the will of Joseph Holler, deceased, duly admitted to probate in the probate court of Phelps county, on the ground that it was procured to be made by the undue influence of the defendant, the widow of said Joseph, and her daughter. On a hearing before the chancellor the will was set aside and the defendant appealed. The case was tried and determined purely as a proceeding in equity, without any regard to the requirements of the statute providing for the contest of wills that have been admitted to probate. [R. S. 1899, sec. 4622, et seq.] In Stowe v. Stowe, 140 Mo. l. c. 603, 604, it is said: "The organic and statutory law of Missouri has provided a system of courts expressly adapted to the probate of wills and the administration of estates. These courts afford every facility for the detection of frauds and imposition upon testators, and, from the earliest judicial history of the State, all these questions have been heard on the law side of our circuit courts, and, in the exercise of this administration, equitable principles have been freely applied." "From Lyne v. Marcus, 1 Mo. 410, down to and including Garland v. Smith, 127 Mo. 567, there has been one uniform course of decision in this State to the effect that courts of equity under our laws have no jurisdiction to set aside wills for fraud, but that jurisdiction is vested exclusively in the courts of law." It is unnecessary to add anything to this clear exposition of the law

on the subject. The judgment and decree in this cause, rendered in a proceeding unauthorized by law, is reversed. All concur.