## THE STATE ex rel. ROSA E. DAMON and HARRY F. EWALD v. EUGENE McQUILLIN, Judge.

### In Banc, December 21, 1912.

1. **WILL CONTEST: Dismissal.** After a will contest is properly instituted in the circuit court by a person in interest, it cannot be dismissed without an adjudication upon the will. The fact that issues have not been joined and no objection to dismissal is made by defendants, will not justify a dismissal by plaintiff.

2. ————: **By Whom Instituted: Dismissal.** Only a person "interested in the probate of a will" can institute a suit in the circuit court to contest its validity; and the interest referred to must be a financial interest in the estate, and one which would be benefited by setting the will aside. A total stranger can not institute a will contest and invoke the jurisdiction of the circuit court to vacate the judgment of the probate court. And if it appears from the face of the petition that if the will is set aside the contestant will get nothing, she is not a party in interest, although the will gives her $15,000. And if the suit is instituted by a person who has no interest, it may be dismissed by such person without an adjudication upon its validity, for then the judgment of the probate court stands.

3. ————: ————: **Alleging Adopted Children.** A sister of testator who in her petition contesting the will states that he had, prior to the execution of the will, lodged in the circuit court of Kentucky a petition praying for the adoption of three children who are named as the principal devisees and legatees, and that said court acted upon said petition and entered an order declaring said children to be adopted by him, on the face of her petition shows that she had no such interest in the probate of the will as entitled her to institute suit to contest it, since, if the will is set aside, she could have no possible interest in the estate, unless the adoption was also set aside, and that could not be done by the circuit court of Missouri; and the court was, therefore, authorized to dismiss the will contest upon her motion.

4. ————: ————: ————: **Limitation.** Where the petition filed in the circuit court to contest the will showed on its face that, if the will were set aside, the property would go entirely to certain named adopted children and that therefore the contestant, a sister of testator, could have no possible interest in the estate, and was dismissed, an amended petition filed two years

thereafter, from which such allegations of adoption are omitted, is too late, and is properly stricken from the files, since at that time the Statute of Limitations had run against a new contest.

5. ———: **Judgment of Dismissal: Sufficient.** Plaintiff in the will contest, by her attorney, filed this memorandum: "Now comes plaintiff, by her attorney, and dismisses this suit at her costs." On the same day this order was entered upon the record: "Upon motion of plaintiff, and by consent of defendants, it is ordered by the court that the following memorandum be entered of record: 'On motion of plaintiff, by attorney, this cause is to be dismissed at plaintiff's costs.'" *Held,* that, though informal, the judgment of dismissal was sufficient.

## Mandamus.

WRIT DENIED.

*Joseph A. Wright* and *S. T. G. Smith* for relators.

(1) Will contest in Missouri is a proceeding *in rem* and cannot be dismissed. Teckenbrock v. McLaughlin, 209 Mo. 538; Bradford v. Blossom, 207 Mo. 227; Cowan v. Shaver, 197 Mo. 212; Hogan v. Hinchey, 195 Mo. 532; Cash v. Lust, 142 Mo. 637; McMahon v. McMahon, 100 Mo. 99; Hughes v. Burriss, 85 Mo. 665; Harris v. Hays, 53 Mo. 96; Benoist v. Murrin, 48 Mo. 52; Dickey v. Malechi, 6 Mo. 182. (2) The rule announced by the Supreme Court of Missouri is the uniform rule both in the United States and England. Hutson v. Sawyer, 104 N. C. 1; Collins v. Collins, 125 N. C. 98; Carolan v. O'Donnell, 141 App. Div. (N. Y.) 463; Sly v. Hunt, 159 Mass. 151; Farrell v. O'Brien, 199 U. S. 89; Higgins v. Eaton, 188 Fed. 938; Goodrich v. Ferris, 145 Fed. 844; Ballantyne v. Mackinnon, 65 L. J. Q. B. 616-621; Concha v. Concha, 11 App. Cas. 541-72, 11 Eng. Rul. Cas. 22. (3) The entry of March 17, 1910, is not a dismissal of the suit. 14 Cyc. 395; 6 Ency. Pl. & Pr. 872; Wagon Co. v. Cornell, 131 Mo. App. 344; Wooten v. Manning, 11 Tex. 327; Boren v. Billington, 82 Tex. 137; Barnes v. Barnes, 95 Cal. 171. (4) Relators have a joint and common interest in

the will contest, and therefore have properly joined in the petition for mandamus. 13 Pl. & Pr. 645; 26 Cyc. 408; State ex rel. Punch v. Kortjohn, 246 Mo. 34; Independent District v. Rhodes, 88 Iowa 570; State ex rel. v. Terminal Co., 41 Fla. 377; State ex rel. v. Mount, 151 Ind. 679; Lehman v. Pettingill, 39 Col. 258; People v. Ontario County, 85 N. Y. 323; Payne v. Staunton, 55 W. Va. 202; Thompson v. Ferris Dr. Dist., 116 Fed. 769. (5) Adoption as against the heirs by blood is an affirmative defense and should now be pleaded as a defense to be available as against the amended petition. Hockaday v. Lynn, 200 Mo. 456; Steele v. Steele, 161 Mo. 566; Clarkson v. Hatton, 143 Mo. 47; Reiners v. Koppelman, 94 Mo. 338; Morgan v. Reel, 213 Pa. St. 81; Albring v. Ward, 137 Mich. 352; Keegan v. Geraghty, 101 Ill. 26. (6) Should defendant, or any of them, set up the adoption of the minor children made beneficiaries in the alleged will, then plaintiff can plead the institution of suit in Louisville, Ky., to set aside the alleged adoption, and the circuit court of St. Louis should stay proceedings in the will contest until the direct attack upon the alleged adoptions is finally adjudicated. This would accord with the practice in similar cases from other jurisdictions. Rogers' Estate, 154 Pa. St. 217; Taylor v. Commonwealth, 13 Weekly Notes of Cases (Pa.), 378; Pattee v. Stetson, 170 Mass. 93; McCutchen v. Loggins, 109 Ala. 457; Kostelecky v. Scherhart, 99 Iowa, 120. (7) Mandamus is the proper remedy where plaintiff's petition has been stricken from the files. State ex rel. v. Grimm, 220 Mo. 489; State ex rel. v. Neville, 157 Mo. 394; State ex rel. v. O'Bryan, 102 Mo. 254. (8) A decree of adoption of a foreign State may be assailed collaterally or directly, or both ways. The original petition contesting the will made a direct and positive attack upon the will itself, and also a well-grounded and valid attack on the decrees of the Kentucky court, and is properly cognizable in the circuit court of the city

of St. Louis. The following grounds are assigned for this motion: First. That the opinion is in direct conflict with the decisions of the Supreme Court of the United States, in that it gives greater weight and credit to the decrees of the Kentucky courts than the United States Supreme Court has ever required or approved. Thompson v. Whitman, 18 Wall. 457; Cole v. Cunningham, 133 U. S. 112; Grover & Baker Co. v. Radcliffe, 137 U. S. 295; Simmons v. Saul, 138 U. S. 448; Thormann v. Frame, 176 U. S. 356; Andrews v. Andrews, 188 U. S. 14; Bank v. Wiley, 195 U. S. 269; Haddock v. Haddock, 201 U. S. 562; Tilt v. Kelsey, 207 U. S. 43; Brown v. Fletcher's Estate, 210 U. S. 82. Second. The opinion is in conflict with the uniform decisions on conflict of laws, in that (a) domicile and residence of adopting father in the state of adoption is absolutely necessary to give any validity whatever to the adoption; (b) the original petition alleged Louis P. Ewald to be a resident of Missouri, and never having been a resident of Kentucky, therefore the alleged adoptions are absolutely void and not binding on the Missouri courts, even though never assailed in Kentucky; (c) a decree of adoption has no extraterritorial effect unless it affirmatively appears that every essential requirement of the statute has been complied with, and its recognition then is only a matter of comity, so far as property rights are concerned. Irving v. Ford, 183 Mass. 448, 65 L. R. A. 177 and notes; Davis v. McGraw, 206 Mass. 295; Foster v. Waterman, 124 Mass. 592; Renz v. Drury, 57 Kan. 84; Furgeson v. Jones, 17 Ore. 204; Blythe v. Ayres, 96 Cal. 532; McCreery v. Davis, 44 S. C. 195; Tyler v. Reynolds, 53 Iowa, 146; Smith v. Derr, 34 Pa. 126; Keegan v. Geraghty, 101 Ill. 26. Third. The opinion is in direct conflict with the decision on adoption by the Supreme Court of Missouri, Sarazin v. Union Depot Ry. Co., 153 Mo. 485, which held that "one who claims that such a change occurred must show that every requirement of the

statute has been strictly complied with.'' Fourth. The decision gives greater rights to these children than accorded these same children in their domicile, to-wit, Kentucky, in that these children take thereunder all of the Missouri property, while if he was a resident of Missouri, as alleged in the original petition, they can take none of the Kentucky estate, (1) because Kentucky statutes, Sec. 2071, required Louis P. Ewald to file these petitions for adoption ''in the circuit court of the county of his residence''; (2) because under the decision of the Kentucky Court of Appeals, Leonard v. Braswell, 99 Ky. 528, as pointed out in note to 65 L. R. A. 177, ''the law of the deceased's domicile governs so far as the status of the child affects his right to share in the distribution of personal property.'' Fifth. The decision is in conflict with the decisions of the Supreme Court of Missouri, in that it gives sanctity to a foreign decree heretofore never recognized in Missouri. Napton v. Leaton, 71 Mo. 359; Bradley v. Welch, 100 Mo. 268.

*Stewart, Bryan & Williams* for respondent.

(1)  After the case of Damon v. Trust Company was dismissed, all the parties to that cause were out of court, and no further proceedings therein were authorized, and the action of the respondent in striking out the so-called amended petition, and in refusing to otherwise proceed with such cause after it had been dismissed and the term had expired, was right. Davis v. Hall, 90 Mo. 659; 14 Cyc. 458; Greeley v. Winsor, 3 S. Dak. 138; Black on Judgments (2 Ed.), Sec. 27; Freeman on Judgments (4 Ed.), Sec. 17; Bowie v. Kansas City, 51 Mo. 454. (2)  A suit to contest a will is one to determine the rights of the parties to the suit, and no other rights whatever, and, like any other suit, may be dismissed by plaintiff unless defendants object thereto, and, like any other suit, it may

be dismissed after demurrer to the plaintiff's pleading therein has been sustained. In re Lasak, 131 N. Y. 624; Crow v. Blakley, 31 Ala. 728; Whitfield v. Hurst, 9 Iredell, 175; Thurston v. Gough, 42 N. J. Eq. 346; Stone v. Cook, 179 Mo. 534; Gordon v. Burress, 125 Mo. 39; Lilly v. Tobbein, 103 Mo. 477; Church v. Tobbein, 82 Mo. 418. (3) The dismissal of the case under consideration (Damon v. Trust Company) was in fact proper both in substance and in form. State ex rel. v. Thurman, 232 Mo. 130; Bowie v. Kansas City, 51 Mo. 454; Black v. Rogers, 75 Mo. 441. The return of respondent to the alternative writ of mandamus in this case sets forth clearly that the case of Damon v. Trust Company had been dismissed on March 17, 1910. The relators' demurrer to the return necessarily admits its truth, and under the pleadings in this cause as they now are, the dismissal of said cause on the date mentioned is conceded by relators. State ex rel. v. Neville, 110 Mo. 345; State ex rel. v. Smith, 104 Mo. 661. (4) The law is well settled in this State that an appeal will lie from an order dismissing a cause. State ex rel. v. Thurman, 232 Mo. 130; Bowie v. Kansas City, 51 Mo. 454; Williams v. Judge of Common Pleas, 27 Mo. 225; State ex rel. v. Homer, 150 Mo. App. 325; Crane v. Hawley, 54 Mo. App. 603. (5) The writ of mandamus cannot be made to perform or usurp the functions of an appeal or writ of error. The fact that the relators, by neglecting to appeal from the dismissal of the cause of Damon v. Trust Company, have placed themselves in such a position that they can no longer avail themselves of that right, does not remove this case from the application of the rule, and constitutes no ground for interference by mandamus. State ex rel. v. McKee, 150 Mo. 233; State ex rel. v. Thurman, 232 Mo. 130; State ex rel. v. Field, 107 Mo. 445; State ex rel. v. Homer, 150 Mo. App. 325. (6) A writ of mandamus is not one of right, but on the

contrary its issue is discretionary with the court. State ex rel. v. Homer, 150 Mo. App. 325.


FERRISS, J.—Petition for mandamus against respondent, directing him to permit the filing of an amended petition in the case of Rosa E. Damon against the Columbia Trust Company and others.

In March, 1905, Louis Ewald made his last will, in which he described himself as "Louis Phillip Ewald, of the city of Louisville, in the State of Kentucky." The will gives the bulk of his very large estate to the Fidelity Trust Company of Louisville, in trust as follows: "For my three children, Phillip Louis, Helen Josephine and Sterling Donald, share and share alike." He also makes several bequests to his brothers and sisters, giving them each the sum of $15,000. The will appoints a guardian for the said three children. There were several codicils to this will, one of them substituting the Columbia Trust Company as executor. These codicils were made on the 19th day of July, 1909. The will purports to be signed in the city of Louisville. On the 17th day of January, 1910, Rosa E. Damon, one of the sisters of decedent, filed a suit in the circuit court of the city of St. Louis to contest the aforesaid will. She is the only plaintiff. In that suit she made defendants the Columbia Trust Company, of Louisville, Kentucky, the St. Louis Union Trust Company, of St. Louis, the brothers and sisters of decedent and their descendants, several in number, and the children mentioned in the will, together with their guardian. In her petition the plaintiff alleges that she is a sister of said Louis P. Ewald; that he was at the time of his death, and for many years prior thereto, a resident of the city of St. Louis, Missouri, and that the defendants, other than the trust companies and the aforesaid children, are the brothers and sisters of said Louis P. Ewald, and the descendants of said brothers and sisters. The petition further alleges

that said Louis P. Ewald never married, that his said brothers and sisters and their descendants are his only heirs, and that said children mentioned in the will claimed to be his children by adoption. The petition states further that on November 10, 1900, there was filed in the circuit court of Jefferson county, Kentucky, a paper which purported to be a petition of Louis P. Ewald, asking for the adoption of two of said children, and that on said date the circuit court of Jefferson county, Kentucky, acted on said paper, and entered an order purporting to grant the prayer of said petition, and declared said children to be adopted by said Ewald, and thereafter, on October 10, 1905, similar proceedings were had with regard to the adoption of the third child. Plaintiff alleges that said petitions for the adoption were invalid, in that when they were filed, and for a long time prior thereto, the said Louis P. Ewald was not of sound mind, and was not capable of entering into the adoption of children; that from, and prior to, the said date, November 10, 1900, until the time of his death, the said Louis P. Ewald was a resident of the city of St. Louis, and was never a resident of Louisville, in the State of Kentucky, and that neither of the petitions filed in the circuit court of Jefferson county, Kentucky, is in form required by law, and that the decree of the said circuit court of Jefferson county, Kentucky, is not in conformity to the law of the State of Kentucky; that all of said proceedings for adoption are void by reason of the aforementioned facts. The petition further alleges that said Louis P. Ewald died in the city of Louisville, Kentucky, on the ———— day of ——, 1909, and that on the —— day of ————, 1909, "there was produced before the probate court of the city of St. Louis, State of Missouri, an instrument purporting and alleging to be the last will and testament of said Louis P. Ewald, which said instrument was admitted to probate on the —— day of ————, 1909, and which said

instrument was dated 23rd day of March, 1906," and then sets out in detail the will of said Louis P. Ewald; further, that on the —— day of ————, 1909, the defendant, the St. Louis Union Trust Company, was by the probate court of the city of St. Louis appointed administrator *cum testamento annexo* of the paper above mentioned and set out as the purported and alleged last will and testament of Louis P. Ewald, deceased, and is now in possession of the said estate and administering thereon. The petition then alleges that said Louis P. Ewald was not of sound mind at the time of the execution of said will, and also alleges undue influence exerted by one Ellen J. Golden. Wherefore, the plaintiff prays that the alleged instruments claimed to be petitions, and claimed to have been filed by Louis P. Ewald in the circuit court of Jefferson county, Kentucky, asking for the adoption of said children, and all proceedings had thereon, be declared null and void, that an issue of fact be made, and that the probate of the instrument alleged to be the last will and testament of Louis P. Ewald be set aside, and for such other decrees as to the court might seem just and proper.

On this petition summons was issued and served upon the St. Louis Union Trust Company, and upon several individual defendants who resided in St. Louis, in time for the February term. Among the defendants so served was Harry F. Ewald, one of the relators herein.

This suit was filed, as stated above, on the 17th day of January, 1910, returnable to the February term. On February 7, 1910, the St. Louis Union Trust Company entered its voluntary appearance in writing, and on that date filed a demurrer to the petition upon the following grounds: 1. That said petition does not state facts sufficient to constitute a cause of action. 2. That several causes of action have been improperly united in one count in said petition. 3. That the peti-

tion is multifarious. 4. That the plaintiff has no capacity to sue.

Following this, on February 24, 1910, plaintiff filed her affidavit alleging the nonresidence of certain defendants. An order of publication was made thereon commanding said defendants to appear at the April term, 1910, which was duly published. .

The petition further alleges, "That thereafter, and during the February term, 1910, of said court, plaintiff confessed the said demurrer of the St. Louis Union Trust Company, and on March 8, 1910, and on said last-mentioned day, plaintiff took ten days to file an amended petition; that on March 17, 1910, and during said February term, 1910, of said court, the following was entered of record in this cause:

Thursday, March 17, 1910.

Rosa E. Damon,
v.                }  64360-A.
Columbia Trust Co. )

   Upon motion of plaintiff, and by consent of defendants, it is ordered by the court that the following memorandum be entered of record, to-wit:

   On motion of plaintiff, by attorney, this cause is to be dismissed at plaintiff's costs.

It is proper to state here, in order to get the facts in regular order, that on said 17th day of March the plaintiff, by her attorney, Joseph A. Wright, filed in the case the following memorandum, signed by him as attorney: "Now comes plaintiff, by her attorney, and dismisses this suit at her costs." Whereupon, the above-mentioned order was entered.

No defendant appeared in the case except the St. Louis Union Trust Company. The nonresident defendants were not required to appear until the April term. The individual defendants living in St. Louis, among them the relator, Harry F. Ewald, were served in time to appear at the February term, but at the time of dismissal were in default, although no default was entered. After the order of dismissal was entered

as above, the papers in the case, as is the usual practice, were transferred from the court room to the general files in the clerk's office. Subsequently, on the 1st day of March, 1912, plaintiff, without notice to anybody, appeared in court asking leave to file an amended petition, which leave was granted. In this amended petition the plaintiff makes the same parties defendant; alleges that the said Louis P. Ewald was never married; that his mother and father died several years before the death of said Louis; that at the time of his death the said Louis left surviving him as heirs the plaintiff and brothers and sisters, and their descendants, named in the first petition, and no other heirs; that the defendants, the children named by Louis P. Ewald as his children in the will, claimed to be his children, but that said claims were untrue, and that Louis P. Ewald was at all times during his life an unmarried man, and died without issue in the city of Louisville, Kentucky, leaving real and personal estate in the city of St. Louis, and that the will was probated in the city of St. Louis on the 6th day of August, 1909. The will is set out again in full. The amended petition also alleges that the St. Louis Union Trust Company was appointed by the probate court administrator, and then charges the invalidity of the will on the ground of mental incapacity and undue influence, as alleged in the original petition, but says nothing about the adoption of the children. Upon this amended petition summons was again issued to all the defendants, again served on the defendants resident in the city of St. Louis, and again an order of publication was obtained and published against the nonresident defendants. The resident defendants were served for the April term, 1912. The order of publication was published for the June term, 1912. On the third day of April, 1912, and during the April term, the St. Louis Union Trust Company filed its motion to strike the amended petition from the files upon the grounds that

at the time the so-called amended petition was filed there was no cause pending before the court in which said petition could be lawfully filed; that the said cause was dismissed more than two years before, at the February term, 1910, to-wit, on the 17th day of March, 1910, and final judgment dismissing said cause entered on that date, and that therefore the court had no jurisdiction to make any order therein. This motion of the trust company was continued until the June term, 1912, and on July 5, 1912, was sustained, and said amended petition was stricken from the files by order of the court, to which order of the court the plaintiff, Rosa E. Damon, excepted, and on the same day, July 5, the court quashed the writ of summons issued against the St. Louis Union Trust Company.

After service of summons on relator Harry F. Ewald, at the April term, 1912, he appeared in court, and asked leave to file the following answer:

"Now, this day comes Harry F. Ewald, one of the defendants in the above styled cause, and by leave of court files this his answer to the amended petition herein; and for answer thereto admits all the allegations contained in the amended petition, and joins with plaintiff in her plea thereto that an issue of fact be made, and that the probate of the instrument alleged to be the last will and testament of said Louis P. Ewald be declared inoperative and of no effect, and for such other decrees as to the court may seem just and proper."

On July 5, 1912, the court refused to allow said answer to be filed, whereupon the plaintiff, Rosa E. Damon, and the defendant, Harry F. Ewald, joined in a petition to this court asking that a writ of mandamus be issued against the judge of the circuit court of the city of St. Louis, commanding him to "forthwith set aside and annul the order made by said court over which he presides, on July 5, 1912, striking from the files said amended petition in said cause, and to

reinstate said amended petition, and to proceed to consider and determine the same in accordance with law, and your petitioners pray for such other process, orders and remedies as may to the court seem meet and proper."

The circuit judge, Hon. Eugene McQuillin, filed a return which does not materially change the facts as stated in the petition of relators. It sets up the filing of the memorandum of the plaintiff by her attorney above set out, dismissing the cause at her costs, and alleges "that said plaintiff, with the consent of the defendant, dismissed the said cause," and that she paid the costs; that the application for leave to file the amended petition was made without notice to any of the persons who had been ·parties to the said cause, and without any of said parties being heard; that the court heard the argument of counsel for plaintiff in opposition to the motion of the St. Louis Union Trust Company to strike the amended petition from the files and to quash the writ of summons, and also heard the evidence of plaintiff in support of her several motions; that no person named as a party defendant in the original petition ever appeared in said cause, or in any way participated therein, other than the defendant the St. Louis ·Union Trust Company. The return· states that it appears on the face of the petition filed by the relator, Rosa E. Damon, in said cause, that plaintiff was not one who would have been benefited by having the will of Louis P. Ewald set aside, either by taking a share of the estate of the decedent or by obtaining the first right to administer thereon; further, that the ·original petition did not state facts sufficient to constitute a cause of action; that several causes of action had been improperly united in one count, and that plaintiff had no legal capacity to sue. The return of the respondent further alleges that the original cause was dismissed and the costs paid by plaintiff therein, and that the cause was

not pending in the circuit court at the time when the so-called amended petition was filed; that the records show that the cause had been dismissed with the consent of all parties to said cause, on the 17th day of March, 1910, two years before the time when it was sought to file an amended petition, and that the court was without jurisdiction in 1912 to make any order in the cause; further, that the action of respondent in refusing to permit Rosa E. Damon to file her so-called amended petition, if wrong, constituted error only, and should be remedied only by an appeal or writ of error, and not by means of mandamus; further, that relator Harry F. Ewald has no joint or common interest with the said Rosa E. Damon, and is not a proper or necessary party as relator in this cause.

Thereafter, on October 12, 1912, relators filed a demurrer to the return of respondent on the ground that the same does not state facts sufficient to constitute a defense, or show any cause whatever for not obeying said writ.

Upon this state of facts it is contended in the argument and brief of relators, first, that a will contest in Missouri cannot be dismissed; second, that the entry of March 17, 1910, dismissing the cause, cannot be construed as the act of all the parties, because the nonresident defendants were not required to plead before April, 1910; third, that the entry of March 17, 1910, is not a dismissal of the suit. On the other hand, it is contended by respondent that the will contest was dismissed, that all of the parties to the cause were out of court, and that therefore the order to strike the so-called amended petition from the files, and the refusal to otherwise proceed in the cause, was right; that a will contest may be dismissed by plaintiff, unless the defendants object thereto, after demurrer to the petition has been sustained, and before issues are joined, and that it is the duty of the court to dismiss the case

when it appears upon the face of the petition that the plaintiff is not interested in the probate of the will.

I.   It is earnestly contended by the respondent that it has never been decided by this court that a will contest cannot be dismissed by the plaintiff before the issues are joined and where no objection is made by the defendants. ·

So far as we have been able to review the decisions of this court, it would appear that this statement is correct.  This court, however, has decided in numerous cases that the jurisdiction of the circuit court is derivative, that a contest is in the nature of an appeal from the probate court, and when instituted by a party in interest vacates the interlocutory judgment below; that the institution of such contest imposes upon the circuit court the duty of determining the question of will or no will.   [Dickey v. Malechi, 6 Mo. 177; Benoist v. Murrin, 48 Mo. 48; Cash v. Lust, 142 Mo. 1. c. 637; Hogan v. Hinchey, 195 Mo. 527; Teckenbrock v. McLaughlin, 209 Mo. 533.]   And although the decisions have been in cases where issue was joined, and where objection was made, yet the irresistible logic of the situation is that, after a contest is properly instituted by a person in interest, such contest cannot be dismissed without an adjudication upon the will.   The statute provides that during a contest the letters of the executor may be revoked, and an administrator appointed *pendente lite;* this, upon the theory that the contest suspends the judgment of the probate court. Proceeding upon this idea, it has been decided in a very recent opinion by LAMM, J., that the application to revoke the letters of the executor, and appoint such administrator, may be made so soon as the petition in the contest is filed, and such is the common practice. [State ex rel. v. Imel, 243 Mo. 180.]   This court has also ruled that no security for costs can be required from parties to the contest (Cash v. Lust, supra) ; nor

an appeal bond. [State ex rel. v. Guinotte, 156 Mo.
l. c. 522.] Further, that the burden of proof is upon
the proponents of the will (Benoist v. Murrin, 58 Mo.
l. c. 322; Norton v. Paxton, 110 Mo. l. c. 461; Tecken-
brock v. McLaughlin, supra); also, that a contest prop-
erly instituted by a party in interest cannot be dis-
missed or abandoned by the party contesting so as to
prevent an adjudication upon the will. [Hogan v.
Hinchey, supra; Cowan v. Shaver, 197 Mo. l. c. 212.]

II. The controlling question in the case is, wheth-
er or not this will contest was properly instituted by
a person interested in the probate of the will. It has
been decided, and we think correctly, that all pro-
ceedings in will contests are purely statutory, and
that the provisions of the statute must be strictly com-
plied with. [Stowe v. Stowe, 140 Mo. 594; Hans v.
Holler, 165 Mo. 47.] Our statute, Sec. 555, R. S. 1909,
provides that a will contest may be instituted by any
person "interested in the probate of any will." No
contest, therefore, can be said to be properly instituted
unless it is by one who is interested in the probate
of the will. Obviously, a total stranger could not in-
stitute a will contest and invoke the jurisdiction of
the circuit court to vacate the judgment of the probate
court. In the case of Church v. Tobbein, 82 Mo. 418,
the plaintiff corporation instituted suit in the circuit
court to establish a certain paper writing as the last
will of Tobbein, the same having been offered to the
probate court and rejected. It was held that the plain-
tiff corporation could not take under the will, and for
that reason the judgment which had been rendered in
its favor in the circuit court was reversed in this court.
There was simply a judgment of reversal. No attempt
was made to adjudicate upon the will. The case came
subsequently to this court (Lilly v. Tobbein, 103 Mo.
477), where the court, speaking of the reversal in the

246 Mo.—44

former appeal, says: ''The conclusion seems to have been reached that the corporation had no such interest in the probate of the will as would give it a standing in court as a proponent. The judgment was, therefore, simply one of reversal. Where the final judgment is one upon the merits, it must be a judgment to the effect that the paper writing produced is, or that it is not, the will of the testator. This court gave no such judgment. There was no judgment at all on the issue of will or no will. The judgment of reversal simply said the then plaintiff had no right to prosecute the suit because it was not a party in interest. The final judgment in that case left no impediment in the way of a new suit by anyone having the requisite interest.''

Again, in the case of Gordon v. Burris, 125 Mo. 39, three petitions in the will contest were held insufficient on demurrer in the circuit court. Thereupon the defendants filed a motion that judgment be entered establishing the will. The court denied the motion, and entered final judgment dismissing the case at plaintiff's costs. Defendants appealed. The judgment below was affirmed. This court held that the general practice act governed the case, and that there was no exception in will cases; also, that the provision that judgment should be rendered when a third petition is adjudged insufficient, means a judgment for costs. The court says: ''But there is no intimation in the section that a judgment is to be rendered on the merits, or that such judgment should be a bar to any further proceedings involving the same facts.''

The three cases referred to are authority for the proposition that a will contest is not properly instituted, so as to have the effect of vacating the interlocutory judgment of the probate court, where the petition fails to state a cause of action by a party in interest.

Strong reliance is placed by the relators upon the decision of this court by VALLIANT, J., in Hogan v.

Hinchey, 195 Mo. l. c. 532, to the effect that a suit
brought in the circuit court to contest the validity of
a will has the effect of vacating the action of the pro-
bate court; but it will be perceived that the learned
judge, with his usual caution, qualified his statement
by saying that the suit must be brought by a "party
in interest." He says further, that after the suit is
instituted, it is so far beyond the control of the con-
testant that she cannot dismiss it, but he also carefully
says that the suit must be "properly instituted." The
question now is, whether the converse of the proposi-
tion he lays down can be maintained, namely, that a
suit instituted by a party who has no interest may be
dismissed. In the case of Jele v. Lemberger, 163 Ill.
338, the court held that the superior court was with-
out jurisdiction to entertain the bill contesting the
will, because it affirmatively appeared upon the
face of the record that the contestant was a non-
resident alien, incapable of taking or holding real es-
tate in Illinois by descent or otherwise, and therefore
not "a person in interest." In Lockard v. Stephen-
son, 120 Ala. 641, a demurrer was sustained to a bill
filed by a creditor to contest the will, on the ground
that the contestant did not come within the statutes
which authorized a will contest by any person inter-
ested. The statute of Alabama (Sec. 4287, Code of
1896) provided that when a contest was filed, the issue
raised should be submitted to a jury. It was held in
Roberts v. Trawick, 13 Ala. 68, that an executor offer-
ing a will for probate could not take a nonsuit. The
court said, "The court, by statute, is required to pro-
ceed with the investigation, and determine the matters
put in issue." Yet, in the case of Montgomery v. Fos-
ter, 91 Ala. 613, the petition was dismissed, with costs,
on the ground that the contestant had no interest in
the estate.

Furthermore, the interest referred to by the stat-
ute must be a financial interest in the estate, and one

which would be benefited by setting the will aside. In
the case at bar the will as set out in the petition gives
the contestant $15,000. If, however, it appears upon
the face of the petition that if the will is set aside
the contestant will get nothing, she is not a party in
interest. Page on Wills, Sec. 325, construes the words
"any person interested" to mean "a person who
would take more if the will were denied probate than
if it were admitted to probate," and also says that
"one who is not benefited by having the will set aside"
cannot contest the will. In Biles v. Dean, 14 So.
(Miss.) 536, it is said that one who gets more under
the will than he would get if the decedent died intes-
tate is not an interested party. In Selden v. Trust &
Savings Bank, 239 Ill. 78, it was held that a person to
whom the will gave a benefit which he would not have
a right to without the will was not "interested," and
could not maintain a suit to contest. In that case the
court sustained a demurrer and dismissed the bill. Its
judgment was affirmed in the Supreme Court. In the
Matter of Davis, 182 N. Y. 468, the court defines the
statutory expression, "any person who is otherwise
interested in sustaining or defeating the will," as
meaning "a person who has a pecuniary interest to
protect. . . . An interest resting on sentiment or
sympathy, or any basis other than the gain or loss
of money or its equivalent, is not sufficient." To the
same effect are McDonald v. White, 130 Ill. 493, and
Shepard's Appeal, 170 Pa. St. 323. The original peti-
tion of Rosa E. Damon showed that she could have no
interest in the estate unless the adoption could be set
aside. It does not appear that any steps were taken
or intended to be taken to set aside adoption other than
her prayer in the petition. Obviously the circuit court
of the city of St. Louis could not set aside that adop-
tion, and it is equally clear that until set aside she
could have no possible interest in the estate. Had she
alleged in her petition that the adoption was invalid,

and that steps had been instituted in Kentucky, or even that they were about to be instituted, to set aside such adoption, and had she asked that the will contest be stayed until such proceedings should have come to an end, a different question would have been presented, because if proceedings were instituted in Kentucky to vacate the adoption they might not come to an end until the Statute of Limitations had run against the contest. We do not mean to say that she could not have framed a petition that would have preserved her alleged rights until the adoption question should be settled, but there was nothing in the petition filed to suggest such course. It appeared upon the face of the petition that the plaintiff had no interest in the estate. It is conceded upon the record that the petition filed by Rosa E. Damon to contest this will was insufficient in this respect. A demurrer upon the ground that she had no interest was sustained. She confessed the demurrer, and filed a memorandum dismissing the case at her costs. The court entered such dismissal. This left the way open for other proceedings in contest, but none were instituted within the statutory period of two years.

Undoubtedly the court had the power to sustain the demurrer, even if it had not been confessed by the plaintiff. She took ten days to plead. She did not plead further, but voluntarily filed in court a memorandum of dismissal. No other party appeared aside from the administrator. Was it the duty of the court at this juncture to compel an adjudication of the will, when such adjudication had been asked for by a stranger to the estate only, and one who had abandoned her claim, admitting herself to be a stranger? We think not. If, as we have shown above, it is the law of this State that a will contest in the circuit court is in effect an appeal from the judgment of the probate court, then, like every other appeal, it must be taken by a party in interest who is aggrieved by the judgment be-

low. If taken by a stranger, it should be dismissed. The court has jurisdiction to hear a contest, not a mere request. Suppose a contestant alleges in his petition that he has no interest in the probate of the will, or, being a party in interest, alleges that the will is valid. It would be absurd to say in such case that the mere filing of the petition vacated the judgment below and conferred jurisdiction on the circuit court to adjudicate the will.

The judgment of the probate court is a valid and binding judgment until contested by a party in interest, whose petition states a cause of action, and, if not so contested, becomes final after two years. In our judgment, the same logic which supports this court in its ruling that a will contest, properly instituted by a party in interest, vacates the judgment below, and cannot be dismissed, authorizes its dimissal when it appears upon the face of the record that the suit has been improperly instituted by one who is not interested in the probate of the will.

Nor is the relator, Harry F. Ewald, who is the only other party complaining, in any better position than Rosa E. Damon. He is her brother, and his alleged rights are the same as hers; and so it is with all the parties defendant in the contest case, except those contending for the will and mentioned therein, namely, the children, their trustees and the executor. Therefore, the petition demurred to stated no interest in any of them. No effort was made to set aside the dismissal or to further prosecute the case until two years had expired and the Statute of Limitations had run against a new contest. Then it was sought to file an amended petition on the theory that the dismissal was a nullity and that the suit was still pending. On this theory the parties were still in court under the original summons, and yet the plaintiff saw fit to issue summons to all the defendants on the amended petition. On motion, the court struck this petition from

the files and quashed the summons issued against the administrator. We are constrained to hold that this ruling was proper. Nor should this court by writ of mandamus order the circuit court to permit the filing of the amended petition.

Relators contend that the entry made March 17, 1910, was not a dismissal of the suit. Here is what was done. Plaintiff on that day filed in the cause, by her attorney, this memorandum: "Now comes plaintiff, by her attorney, and dismisses this suit at her costs." This was signed by Joseph A. Wright, as attorney for plaintiff. Upon the same day this order was entered upon the record: "Upon motion of plaintiff, and by consent of defendants, it is ordered by the court that the following memorandum be entered of record, to-wit, 'On motion of plaintiff, by attorney, this cause is to be dismissed at plaintiff's costs.'" Plaintiff paid the costs. The papers in the case were filed away as upon final disposition. It was regarded at the time by the court and the parties as a dismissal. Though informal, we think the judgment sufficient. [Moody v. Deutsch, 85 Mo. 237; Smith v. Kiene, 231 Mo. 215; State ex rel. v. Thurman, 232 Mo. 130; Black v. Rogers, 75 Mo. 441.] In the last named case the following entry was held to make a good judgment: "Now at this day this cause is compromised and settled as per stipulation now filed, each party to pay costs." The entry here, read in connection with the dismissal by plaintiff, was sufficient under the above authorities to make a good judgment.

The peremptory writ is denied. All concur, except *Kennish, J.,* and *Woodson, J.,* not sitting. Dissenting opinion of *Kennish, J.,* not yet filed.