MARIA JENSEN, Appellant, v. ELIZABETH R. HINDERKS, ELIZABETH R. HINDERKS, Executor of the Estate of JOHN JENSEN, Respondent, and MINNIE WOOD and DANIEL DICE, Appellants.—92 S. W. (2d) 108.

Division One, March 10, 1936.

*E. G.* and *J. J. Robison* and *John G. Parkinson* for Maria Jensen; *Orin J. Adams* for Minnie Wood and Daniel Dice.

*Pross T. Cross, Gerald Cross* and *R. H. Musser* for respondent; *K. D. Cross* of counsel.

GANTT, P. J.—Plaintiff is the widow of John Jensen and seeks to contest his will. They had no children. On May 25, 1931, there was admitted to probate said will, by the terms of which plaintiff and defendant were each given one-half of his real and personal property. On said day plaintiff filed, in the circuit court, a petition in which it was alleged "that she was the wife of John Jensen, deceased, and is his surviving widow, and as such has an interest in his estate." As grounds for the contest it was alleged that deceased was not of sound mind at the time he subscribed to said will, and that said will was the result of fraud and undue influence on the part of defendant.

The case was continued from time to time and on June 20, 1933, defendant filed a demurrer alleging that the petition did not state a cause of action because plaintiff as the widow of Jensen was not a party in interest within the meaning of the statute authorizing contests of wills. The statute follows:

"If any person interested in the probate of any will shall appear within one year after the date of the probate, . . . and, by petition to the circuit court of the county, contest the validity of the will," etc. [Sec. 537, R. S. 1929.]

Plaintiff is interested in the estate, as alleged in the petition. However, under the statute a contestant must have a direct pecuniary interest. [Braeuel v. Ruether, 270 Mo. 603, l. c. 604, 193 S. W. 283.] As a person interested in the estate she was without authority to contest, for she would take one-half of the real and personal property under either the will or the intestate laws. The interest authorizing a contest must be an interest in the probate of the will rather than an interest in the estate. The petition alleged no facts showing such an interest, and for that reason stated no cause of action. The

court sustained the demurrer. Thereupon plaintiff asked leave to amend by alleging that she was pecuniarily interested because Jensen executed a prior will giving to her all his property, and that due proof of the execution of said will had been taken by the probate court. The existence of this will made her a party in interest within the meaning of the statute. The amendment was denied and plaintiff excepted. The court then dismissed the petition and plaintiff appealed.

The proposed amendment would neither change the nature of the action nor destroy the identity of the original transaction. [Clothing Co. v. Railroad, 71 Mo. App. 241, l. c. 249.] It also would not change the measure of damages. Furthermore, evidence tending to show plaintiff's interest as the widow would not be admissible for it would not tend to show that she was interested within the meaning of the statute. It follows that the amendment would not require evidence on the question of interest different from the evidence on said question required by the original petition. In other words, there is no question of departure presented by the record.

■ Even so, defendant argues that the petition "states no cause of action *at all*" (Bricken v. Cross, 163 Mo. 449, l. c. 457, 64 S. W. 99), or states no cause of action "*whatever*". [Walker v. Railroad, 193 Mo. 453, l. c. 478, 92 S. W. 83.] In other words, she argues that the petition is a "nullity" and for that reason cannot be amended. As used in the cited cases, the words "at all" and "whatever" refer to a petition which shows on its face that it is not subject to amendment under the rules.

Of course, the rules providing for amendment would be useless if petitions, in the first instance, must state perfect and complete causes of action. In this connection it should be noted that the petition is not the cause of action. It describes the cause of action. The statute authorizing the contest of wills provides that a person interested may, within one year after the date of probate, contest the validity of a will by petition to the circuit court. In the instant case plaintiff within one year after the date of probate, by petition to the circuit court, sought to contest the validity of her husband's will. Although interested within the meaning of the statute, she did not allege facts showing said interest. She assumed that her interest in the estate authorized a contest. The facts considered, it cannot be ruled that the petition is a "nullity." It is an imperfect and incomplete statement of a good cause of action. The trial court should have permitted the amendment. [Lee v. St. Louis Public Service Co., 337 Mo. 1169, 88 S. W. (2d) 337; Smith v. Smith, 327 Mo. 632, 37 S. W. (2d) 902, l. c. 904 (par. 4, 5); Gruender v. Frank, 267 Mo. 713, 186 S. W. 1004; Ellison v. Railroad (Ga.), 13 S. E. 809; McDonald v. Nebraska, 101 Fed. 171, l. c. 182.]

Furthermore, "amendments are allowed expressly to save the cause from the Statute of Limitations, and courts have been liberal in allowing them when the cause of action is not totally different." [Cytron v. Transit Co., 205 Mo. 692, l. c. 700, 104 S. W. 109; Gresham v. Talbot, 326 Mo. 517, 31 S. W. (2d) 766.]

Defendant cites State ex rel. v. McQuillin, 246 Mo. 674, 152 S. W. 341, and Russell v. Nelson, 317 Mo. 148, 295 S. W. 118. In those cases it appeared that the contestants could not be interested in the contest. In this case it did not so appear. The petition was silent on the question. The other cases cited by defendant rule questions of departure.

The judgment is reversed and the cause remanded with directions to permit the amendment as of the date of filing of the original petition.

All concur.