FLOYD M. PALM v. WILLIAM E. MAGUIRE, Executor of the purported last Will and Testament of ROSCOE P. JENNINGS; JOHN W. TARMAN and DR. RUDOLPH N. ABEL, Appellants.—146 S. W. (2d) 636.

Division One, January 6, 1941.

*Robert W. Hall* and *Max Sigoloff* for John W. Tarman and Dr. Rudolph N. Abel, appellants, proponents; *Sigmund J. Barack* on the brief.

*Cox, Blair, Kooreman & Wallach* for respondent.

CLARK, J.—Floyd Palm sued to set aside the will of Roscoe P. Jennings which purports to dispose of an estate, consisting of both real and personal property, of the value of about $30,000. The will is dated November 12, 1937, has been probated in the probate court, names defendant Maguire as executor, bequeaths $300 to Dr. Abel, gives the bulk of the estate to defendant Tarman and makes small bequests to others. All the devisees and legatees are made parties to the suit. None of the parties are related in any degree to the testator. Palm, the plaintiff, and most of the defendants, except Maguire, Tarman and Abel, are relatives of the testator's former wife who divorced him and died prior to his death.

The petition alleges that the purported will is invalid for lack of mental capacity on the part of the testator and undue influence

exercised by defendant Tarman; also that said Jennings duly executed a valid will, copied in the petition, dated May 15, 1937, and naming plaintiff as chief beneficiary; that the will of May, 1937, has been offered for probate and will be probated promptly upon the setting aside of the purported will of November, 1937; that, if the later document is permitted to stand as the last will of said Jennings, plaintiff will be deprived of his interest in the estate granted by the prior will amounting to nearly $30,000.

In separate answers, Tarman and Abel admitted the execution of the later document as a will, the death of Jennings and made specific denials of mental incapacity and undue influence, and general denials as to other allegations. Defendant Maguire admitted the execution of the will of November, 1937, and the death of testator, but denied other allegations. The remaining defendants admitted the allegations of the petition.

The trial was to a jury resulting in a verdict and judgment setting the will aside. Defendants Tarman, Abel and Maguire have appealed, but Maguire has filed no brief.

Appellants contend that plaintiff failed to make a submissible case on either mental incapacity or undue influence and assign error in the giving and refusal of instructions and the admission of testimony.

At the close of respondent's case and at the close of the whole case, appellants requested, and the court refused, instructions in the nature of a demurrer and separate withdrawal instructions as to the issues of mental incapacity and undue influence.

Instruction No. 1 given at plaintiff's request is as follows:

"The Court instructs the jury that, unless you find and believe from the evidence in this case that on the 12th day of November, 1937, said Roscoe P. Jennings, signed the paper-writing which has been read in evidence in this case, as his Last Will and Testament, and that he declared the same to be his Last Will in the presence and hearing of W. G. Johnston and Cora J. Byerlotzer; and that the said W. G. Johnston and Cora J. Byerlotzer attested the same by subscribing their names thereto in the presence of said Roscoe P. Jennings, and at his request, and that the said Roscoe P. Jennings was, at that time, of sound and disposing mind, as defined in other instructions given you, then the jury should find that said paper-writing is not the Last Will and Testament of said Roscoe P. Jennings."

This instruction may be a correct statement of an abstract principle of law, but, applied to the facts of this case, it is misleading and we think constitutes reversible error. True, we have often held that a testator must declare his intended will to be his last will, and that he must also request the signature of the attesting witnesses. We have also held that he need not make such declaration or request by express words, but may do so by acts and conduct. Roscoe P. Jennings did not on November 12, 1937, verbally make any declaration or request

in the presence and hearing of the attesting witnesses. The evidence clearly shows that he did make such declaration and request by his conduct; but the jury, looking at the instruction, would naturally think that they must set the will aside for the lack of a verbal declaration. How could the jury reach any other conclusion? The instruction does not authorize a declaration by acts. It required the jury to find that the testator "declared the same to be his last will and testament in the presence and *hearing*" of the attesting witnesses. (Italics ours.)

The uncontradicted evidence shows that the will was prepared by defendant Maguire at the request of Jennings and after several conferences with him; that Maguire read the will to Jennings who requested Tarman to get two witnesses; that these witnesses were procured and informed, either before they reached the presence of Jennings or afterward, that they were expected to witness his will; that Jennings signed the will in their presence and the witnesses signed it in his presence and in the presence of each other. This constituted due execution although no verbal declaration or request was made by the testator in the presence of the attesting witnesses. [Hughes v. Rader, 183 Mo. 630, 82 S. W. 32; Heinbach v. Heinbach, 274 Mo. 301, l. c. 318, 202 S. W. 1123.]

█ Under the evidence it was unnecessary to submit the issue of due execution in any form and to do so was misleading. [Post v. Bailey, 254 S. W. 71.]

The issue of due execution was not made by the pleadings. The petition did not allege that the will was not formally executed. It asked that the will be set aside for two reasons only, to-wit, mental unsoundness and undue influence. We realize that in a will contest, even though improper execution is not alleged in the petition, the proponents are required to make proof of due execution to the satisfaction of the court. [Fletcher v. Henderson, 333 Mo. 349, l. c. 356, 62 S. W. (2d) 849.] Here such proof was made and it was not contradicted.

Above the signatures of the attesting witnesses appears the usual attestation clause which reads:

"Signed, published and declared by the above named Roscoe P. Jennings, as and for his last Will and Testament, in our presence, who at his request and in his presence and in the presence of each other have hereunto subscribed our names as witnesses thereto on the last date above mentioned."

Such a properly executed attestation clause has been held to furnish prima facie proof of all facts essential to due execution. [28 R. C. L., p. 369, sec. 370. See also German Evangelical Church v. Reith, 327 Mo. 1098, l. c. 1109, 39 S. W. (2d) 1057.]

Beside that, the petition in the instant case is very similar to the pleading considered in Heinbach v. Heinbach, 274 Mo. 301, 202 S. W.

1123, wherein we held that such a pleading constitutes an admission of due execution.

For error in plaintiff's Instruction No. 1 we must remand the case, but we will briefly discuss other complaints made by appellants.

The general demurrer to the evidence was properly refused for there was abundant evidence as to undue influence exercised by defendant Tarman.

There was very little basis for the submission to the jury of the issue of mental incapacity. The only witnesses who testified to mental unsoundness were the plaintiff, his wife and Dr. Cutler and none of them saw the testator on the day the will was signed. Plaintiff and wife are lay witnesses and did not testify to sufficient facts to authorize them to express an opinion as to the lack of testator's sanity. Dr. Cutler testified that he saw testator on November 8th, November 9th and November 17th; that he was of unsound mind on these dates and, judging by the disease from which testator suffered and the medicine he had taken, gave an opinion that he was of unsound mind on November 12th when the will was written. This probably justified the submission of this issue. [See cases cited in Whitacre v. Kelly, 345 Mo. 489, 134 S. W. (2d) 121.]

At plaintiff's request the court gave five instructions on undue influence. We have read them carefully and find no error in them. However, they are repetitious and we think the jury could better understand the issue if stated in fewer words.

Over the objection of appellants' counsel, witnesses were permitted to relate certain statements of the testator and of defendant Tarman. This evidence was proper to show the state of mind and attitude of these men toward each other as bearing on the issue of undue influence, and not as proof of the facts related in the statements. The court so told the jury verbally and in a written instruction.

Error is assigned in permitting witnesses to testify that Tarman had held church membership and executed legal documents under the name of "Thompson." This was proper impeachment of Tarman's testimony that he had never assumed the name of Thompson.

Appellants contend that the petition does not state facts sufficient to show that plaintiff has such an interest in the probate of the will as entitles him to contest it. Ordinarily appellants, having gone to trial on the merits without filing a demurrer, would be precluded from now making this objection. But in a will contest it is a jurisdictional requirement that a contestant both allege and prove a direct pecuniary interest in the probate of the will. [Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S. W. (2d) 935; Jensen v. Hinderks, 338 Mo. 459, 92 S. W. (2d) 108.] We think respondent fully satisfied such requirement in the instant case. He alleged a prior valid will, giving him most of the estate, which will would be of no effect unless the later will be set aside. He made proof of the due execu-

tion of this prior will and of the mental soundness of the testator. All persons interested in either will are parties to this suit.

For error in the instruction above mentioned, the judgment is reversed and the cause remanded for a new trial.

All concur.