Augusta BAUER, Florence Bauer and Lottie Bauer Braun, Plaintiffs-Respondents,

v.

Gordian S. BENES, Stella Freise, Virginia Storer, Katie Neiss and Mercantile Trust Company, a corporation, Executor of the purported Last Will and Testament of Edith Bosenbury, deceased, Defendants-Respondents,

Minnie Knoebel and Helen Weber, Petitioners-Appellants.

No. 29404.

St. Louis Court of Appeals.

Missouri.

April 17, 1956.

Lackland H. Bloom, St. Louis, for appellants.

F. W. Schwarz, Cox, Cox & Cox, Harvey B. Cox, and William A. Moffitt, Jr., St. Louis, for plaintiffs-respondents.

Morris A. Shenker, Carl R. Gaertner, St. Louis, for defendant-respondent Gordian S. Benes.

CAVE, Special Judge.

This is an appeal from an order of the circuit court of the city of St. Louis denying an application of appellants for leave to intervene as parties plaintiff in a certain will contest action pending in said court. The questions raised by the appeal fall within the general appellate jurisdiction of this court, and the record failing to disclose the specific amount in controversy, jurisdiction lies in this court. Art. V, Sec. 13, Constitution, V.A.M.S.

The facts essential to a solution of the issues presented are not in dispute. Edith Bosenbury died on September 8, 1954. On September 30, 1954, there was admitted to probate by the probate court of St. Louis a written instrument purporting to be the last will of the deceased, dated May 6, 1953, with a codicil attached dated December 23, 1953. By the term of this instrument, the deceased, after providing for funeral expenses, payment of debts, etc., bequeathed her property in specific amounts to Augusta Bauer, Lottie Bauer (nee Braun), Florence Bauer (her nieces), Stella Freise (her cousin), Virginia Storer, and the residue to Gordian Benes. By the codicil the bequest to Virginia Storer was revoked and $1,000 was bequeathed to Katie Neiss, a friend. The Mercantile Trust Company was named as executor.

On December 21, 1954, Augusta Bauer, Lottie Bauer Braun, and Florence Bauer, sole heirs of deceased, instituted an action in the circuit court seeking to set aside the probated will because of mental incapacity and undue influence. All other devisees in the will and the executor were made defendants.

On March 21, 1955, Minnie Knoebel and Helen Weber (appellants) filed their joint application or petition for leave to intervene as parties plaintiff in the will contest case, setting forth that: "Each of the movants are named as beneficiaries in an instrument presented to the Probate Court of the City of St. Louis on the 26th day of October, 1954, and on said date filed in said court, which instrument is designated as the Last Will and Testament of Edith Bosenbury, deceased, and which instrument movants believe to be the Last Will and Testament of said Edith Bosenbury, deceased. Said instrument is dated July 20, 1942 and has attached thereto a codicil dated January 4, 1950."; that by reason thereof they are interested parties in contesting the will dated May 6, 1953, within the meaning of Section 468.580 RSMo1949, V.A.M.S.; that a possible adverse interest existed between them and plaintiffs, the sole heirs of deceased; that the representation of their interest is or may be inadequate; that they would be bound by an adverse judgment in the above will contest action; that a common question of law and fact existed; and that intervention would not prejudice or delay the adjudication of the rights of the parties.

In support of the application, the petitioners introduce the court file of the will contest case which showed the interest of the respective parties under the last will, and also the state of the pleadings in said cause at that time. They also introduced the prior instrument purporting to be a will which had been filed in the probate court on October 26, 1954. The clerk of the probate court testified that the prior instrument was filed on the above date and appeared on the records of said court as "an unproven will according to our No. 7526 unproven will records". There was no other evidence offered.

So far as pertinent here, the prior instrument and codicil disposed of deceased's property substantially as follows: to *Minnie Knoebel,* all household furniture and furnishings, books, pictures, bric-a-brac, etc; to Stella Freise, $2,000; to Virginia Storer, $1,000; to Katie Neiss, $2,000; to *Minnie Knoebel* and *Helen Weber,* one-half of the residuary estate; and to Augusta Bauer, Lottie Bauer and Florence Bauer, one-half of the residuary estate.

Thus, under the prior instrument, petitioners Knoebel and Weber were to receive substantial bequests, but under the last will they were not mentioned and would receive nothing. They are not heirs of deceased.

The court denied the application to intervene. Motion for new trial was filed, overruled and petitioners appealed.

Petitioners (appellants) contend that by virtue of being legatees in the prior "will", they are "interested" persons in the probate of the later will within the meaning of Sec. 468.580, so as to permit them to join as plaintiffs in the contest action of the later will.

Respondents contend that the petitioners are not "interested parties" in the probate of the later will because they did not *present* the purported prior will to the probate court, or judge or clerk thereof in vacation, and offer proof of the authenticity thereof within one year from the date of the first publication of the notice of granting letters testamentary of the later will as required by Sec. 468.470.

In this state, a suit to contest a will is a statutory proceeding, Sec. 468.580, and the statute requires the contestant to be a person "*interested*" in the probate of the will. The interest required by said statute was defined by the court en banc in State ex rel. Damon v. McQuillin, 246 Mo. 674, 691, 152 S.W. 341, 346, to be "a financial interest in the estate, and one which would be benefited by setting the will aside." See also Gruender v. Frank, 267 Mo. 713, 718, 186 S.W. 1004; Jensen v. Hinderks, 338 Mo. 459, 92 S.W.2d 108; Watson v. Alderson, 146 Mo. 333, 346, 48 S.W. 478.

In the Gruender case, the court held, 267 Mo. 718, 186 S.W. 1006: "Since it is necessary that the plaintiff have such an interest to enable him to institute the suit to contest the validity of the will, it necessarily follows, we think, that such facts must be alleged and proven upon the trial, unless admitted by the pleadings of the proponent." In Palm v. Maguire, 347 Mo. 189, 146 S.W.2d 636, 638, it is held: "But in a will contest it is a jurisdictional requirement that a contestant both allege and prove a direct pecuniary interest in the probate of the will." See also Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935, 129 A.L.R. 316. It follows that the application of the appellants to be made parties plaintiff in the pending action must allege, and the evidence in support thereof must prove, an "interest" in the probating of the later will.

The general rule is that a legatee under a will of the testator of date earlier than that proposed for probate, has such an interest as entitles him to contest the validity of the later will. Palm v. Maguire, supra; 88 A.L.R., page 1166(5); In re Arbuckle's Estate, 98 Cal.App.2d 562, 220 P.2d 950, 23 A.L.R.2d 372 et seq.; 57 Am. Juris., Wills, Sec. 819. We do not understand that the respondents controvert the correctness of this general rule. They contend that a legatee in a prior will must al-

lege and prove that he has *presented* said will to the probate court or judge or clerk thereof in vacation and *submitted proof* of its due execution before he can become a party plaintiff in an action to set aside a later will; and that the petitioners did not do so in the present case. Citing, Sec. 468.470; Palm v. Maguire, supra; Breeding v. Pack, Mo., 164 S.W.2d 929; State ex rel. Callahan v. Hess, 348 Mo. 388, 153 S.W.2d 713.

Under our view of the issues presented, it is unnecessary to discuss the effect and full import of Sec. 468.470, which provides in substance, that no proof shall be taken of any will nor any certificate of probate thereof issued unless such will shall have been presented to the probate court or judge or clerk thereof in vacation within one year from the date of the first publication of the notice of granting letters testamentary or of administration that may have been granted by the probate court.

As stated supra, Sec. 468.580 requires that a contestant be a person *interested* in the probate of a will, and the decisions cited define the nature of that *interest* and hold that it is jurisdictional that a contestant must *plead* and *prove* that he is so interested. Thus the question for determination is, have appellants *alleged* and *proved* that they are *interested* parties in the pending litigation?

The application to intervene alleges that appellants "are named as beneficiaries in an instrument presented to the probate court * * * on the 26th day of October, 1954, and on said date filed in said court, which instrument is designated as the Last Will and Testament of Edith Bosenbury, deceased, and which instrument movants believe to be the Last Will and Testament of Edith Bosenbury. * * * That by reason of said instrument aforesaid, movants are interested * * * in contesting the probate of the alleged Last Will and Testament of Edith Bosenbury, * * * dated May 6, 1953, and admitted to probate by the probate court * * * on the 30th of September, 1954." The application, of course, does not prove itself

and the only evidence offered in support thereof was the purported will and the testimony of the clerk of the probate court that such instrument had been *filed* "as an unproven will according to our record No. 7526, unproven will records." There was no proof of the due execution of the prior will or of the mental soundness of the purported testator.

The only Missouri decisions directly discussing the present situation is Palm v. Maguire, supra, and Jensen v. Hinderks, supra. In the Palm case, he sued to set aside the will of one Jennings. He was not related in any degree to Jennings, but he alleged that he was the chief beneficiary under a prior will executed by Jennings and that such prior will had "been offered for probate and will be probated promptly upon the setting aside of the purported will" of a later date. Among other things, it was contended that the petition did not state facts sufficient to show that plaintiff had such an interest in the probate of the later will as entitled him to contest it. In disposing of this point, the court said, 146 S.W.2d 638: " * * * in a will contest it is a jurisdictional requirement that a contestant both allege and prove a direct pecuniary interest in the probate of the will. * * * We think respondent [plaintiff] fully satisfied such requirement in the instant case. He alleged a prior *valid will,* giving him most of the estate, which will would be of no effect unless the later will be set aside. *He made proof of the due execution of this prior will and of the mental soundness of the testator.*" (Italics supplied.)

In Jensen v. Hinderks, [338 Mo. 459, 92 S.W.2d 109], the question arose on plaintiff's right to amend her petition by alleging that she was pecuniarily interested in the contest of the later will because she was a beneficiary in "a prior will giving to her all his [testator's] property, *and that due proof of the execution of said [prior] will had been taken by the probate court.*" It was held that such an allegation would make her a party in interest within the meaning of the statute.

It is apparent these two decisions hold that a party seeking to set aside a will on the theory that he is a legatee under a prior will must allege and prove the existence of a valid prior will and offer proof of its due execution. That was not done in the instant case. The application merely alleged that petitioners presented and filed "an instrument" in the probate court, "which instrument movants believed to be the Last Will and Testament of said Edith Bosenbury, deceased"; and, as heretofore stated, there was no evidence submitted to the probate court or to the circuit court, in support of the application, that the "instrument" was a duly executed will by the deceased.

 Appellants cite many cases from other jurisdictions. An examination of those cases reveals that they announce the general rule, as heretofore stated, that a legatee under a will executed prior to the one admitted to probate has such an interest as entitles him to contest the validity of the later will. See texts cited supra. But running through all those cases is the rule succinctly announced in 57 Am.Juris., Wills, page 552, Sec. 819, to the effect that "The authorities hold in general that *probate* of the will under which the contestant claims *is not necessary, but that he has the burden of proof and must make out at least a prima facie case as to the validity of the will under which he claims.*" (Italics supplied.) Of course, it is not necessary that the prior will be *admitted to probate* before a legatee therein would have the right to contest the validity of a subsequent will already admitted to probate. That would be a useless thing because the probated will may be sustained, and if so, such legatee would have no rights under the prior will. But this does not relieve such a potential legatee of the jurisdictional burden of alleging and proving, at least prima facie, that the instrument upon which he relies was duly executed by deceased.

Appellants having failed to establish that they are legatees under a prior valid will, and conceding that they are not heirs of the deceased, they are not "persons interested" in the probate of the last will or in the pending action to set the same aside. They are, in effect, strangers to the present action. Under such circumstances, they do not come within the requirements of Sec. 468.580, and the broad provisions of the general intervention statute, Sec. 507.090, V.A.M.S., are not applicable and need not be discussed.

We do not decide the question whether the prior instrument on file in the probate court can be admitted to probate in the event the later will is set aside. Sec. 468.-470. That question is left for future determination, if the occasion should arise.

It follows from what we have said that the court did not err in overruling appellants' application to be made parties plaintiff. The judgment is affirmed.

ANDERSON, P. J., and GEORGE P. ADAMS, Special Judge sitting by order of Supreme Court, concur.