|   |   |
|---|---|
| 100 | 97 |
| 142 | 637 |

|   |   |
|---|---|
| 100 | 97 |
| 146 | 349 |

|   |   |
|---|---|
| 100 | 97 |
| 156 | 522 |

</div>

McMahon *et al.*, *Appellants*, v. McMahon *et al.*

**Wills:** CONTEST: PRACTICE: DISMISSAL. In a proceeding to contest the validity of a will, the court should take the proof and establish or reject the will. The contestant cannot, in such case, take a voluntary nonsuit or dismissal.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*M. F. Taylor, Julian Laughlin* and *R. L. McLaran* for appellants.

(1) The court erred in refusing to allow plaintiffs to dismiss. *Nordmanser v. Hitchcock,* 40 Mo. 178; *Dowing v. Still,* 43 Mo. 321; *Fink v. Bruihl,* 47 Mo. 173. (2) On an appeal from an inferior court, the dismissal by plaintiffs before submission leaves the cause as though no judgment has been rendered. *Turner v. Northcutt,* 9 Mo. 252; *St. Joseph v. Davenport,* 55 Mo. 572; *Lee v. Kaiser,* 80 Mo. 431. (3) This proceeding is, in effect, an appeal from the probate court, and should be governed by the same rules. *Dickey v. Malechi,* 6 Mo. 182; *Benoist v. Murrin,* 48 Mo. 48; *Lamb v. Helm,* 56 Mo. 432; *Hughes v. Burriss,* 85 Mo. 665. (4) On appeal from the probate court, the circuit court must try the cause, *de novo. Cline v. Brooks,* 65 Mo. 61; *Earl v. Hart,* 89 Mo. 263; R. S. 1879, sec. 299. And the cause was not *sub judice* on the merits at the time the motion to discontinue was filed. Freeman on Judgments, sec. 261.

*Rassieur & Schnurmacher* for respondents.

The only question presented is whether the trial court should have permitted plaintiffs to dismiss their suit. The circuit court did not err. In proceedings to contest the validity of a will, the contestant is not permitted to dismiss his suit. It is the duty of the court, in such cases, to have an issue made up, and to determine whether the paper is the will or not. It is

substantially a proceeding *in rem*.   *Benoist v. Murrin*, 48 Mo. 48; *Harris v. Hayes*, 53 Mo. 90; *Lamb v. Helm*, 56 Mo. 432; *Jackson v. Hardin*, 84 Mo. 471; *Hughes v. Burriss*, 85 Mo. 665.

RAY, C. J.—Plaintiff brings this action in the circuit court of St. Louis to set aside the will of Patrick McMahon, which had been admitted to probate in the probate court of said city.   After the issues were made up, plaintiffs filed their motion in writing to dismiss the cause, which coming on for hearing, the court struck said motion from the files, and plaintiffs declining to further appear, the court heard the evidence offered by defendants in support of the will, and entered its judgment establishing the same as the last will and testament of said McMahon.   Plaintiffs afterwards filed their motion for new trial, and appealed from the court's action in overruling the same.

The only question now before us by this said appeal is whether the plaintiffs had the right to dismiss the suit.   This, we apprehend, is no longer an open question in this state, in view of our express decisions that upon the issues of *devisavit vel non* the court should take the proof and establish or reject the will, and that in such proceedings the contestants cannot take a voluntary nonsuit or dismissal.   *Benoist v. Murrin*, 48 Mo. 48; *Harris v. Hayes*, 53 Mo. 90; *Jackson v. Hardin*, 83 Mo. 184; *Hughes v. Burriss*, 85 Mo. 665.

The ruling of the circuit court is in conformity with our said decisions upon the same question, and, as we find nothing in the suggestions of counsel for plaintiffs herein of sufficient weight to require us to overrule our prior decisions upon this subject, we accordingly affirm the judgment of the circuit court herein.   All concur; BARCLAY, J., not sitting.