ANNIE HOGAN, Appellant, v. HINCHEY et al.

Division One, March 30, 1906.

1. **WILL: Effect of Contest: Dismissal: Written Stipulation.** A suit once properly instituted in the circuit court to contest the validity of a will has the effect to vacate the action of the probate court admitting it to probate, and is so far beyond the control of the contestant that he cannot dismiss it, nor can it be dismissed by his failure to prosecute, for the institution of the contest throws on the proponents the burden of proving in the circuit court its due execution. Therefore, a written stipulation that the plaintiff will no longer contest and that he concedes the validity of the will, does not obviate the necessity of due proof of its execution.

2. ———: ———: ———: ———: Reversal on Appeal: Erroneous Evidence: No Motion for New Trial. But if.the contestant, after making such written stipulation, takes part in the trial, and the verdict on the evidence is against him, he is not entitled, so far as he alone is concerned, to a reversal of the judgment for alleged error in admitting testimony, unless the record in the appellate court shows that the point was properly presented to the trial court and preserved in the bill of exceptions. And, if from the abstract it does not appear that there was a motion for a new trial, the judgment sustaining the will will not, on his appeal, be reversed.

3. ———: ———: ———: ———: Error Induced by Appellant. A contestant in a will contest cannot on appeal complain of an error which he himself produced or aided to produce. He cannot at the trial enter into a written stipulation in which he concedes the validity of the will, and then on appeal complain that the validity of the will was adjudged on testimony erroneously admitted.

4. APPEALS: Abstract: Preserving Motion for New Trial. A recital in the bill of exceptions that a motion for new trial was filed and overruled, is not sufficient. The filing of such a motion and the ruling of the court thereon can be shown only by the record proper.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*John J. McAnaw* for appellant.

(1) The Statute of Wills relating to the execution, publication and attestation of wills is mandatory and not directory merely. Walton v. Kendrick, 122 Mo. 504; McGee v. Porter, 14 Mo. 611; Miltenberger v. Miltenberger, 78 Mo. 27. (2) In proof of wills the common law disabilities of parties and witnesses are in force. R. S. 1899, sec. 4655; Miltenberger v. Miltenberger, 78 Mo. 27.

*F. B. Ellis* for respondents.

(1) The will was sufficiently proved by Hardigan and Roney. Their evidence was sufficient to prove the

will. It is not necessary for the relator to make a formal request for the attesting witnesses to sign the will. It is sufficient if they understand that it is at the request of the relator and that enough takes place to infer that he understands what is going on. Martin v. Bowdern, 158 Mo. 379. (2) Besides, Father O'Riley was a competent witness. He took nothing under the will, nor does the will give him anything. He was therefore a competent witness and was not disqualified as a witness. It is very certain that the instrument was attested at the request of the relator. The mere fact that he was the executor does not disqualify him. The fact that he was made a party to the suit does not disqualify him as a witness. Grimm v. Tittman, 113 Mo. 56. As Father O'Riley got nothing under the will and claims no interest in the will, he was a competent witness. Grimm v. Tittman, supra; Murphy v. Murphy, 24 Mo. 526. (3) Besides, plaintiff admitted that the paper introduced in evidence was the last will and testament of John Hinchey, deceased. It seems to us that she is bound by this admission, in this as well as any other case. While we are mindful that a judgment of the probate court is only interlocutory and that all parties in interest are entitled to have a judgment of the court sustaining or rejecting the will, yet notwithstanding this, we do not see why a person cannot bind himself by contract and admission in a will case the same as in any other. Munford v. Wilson, 15 Mo. 540; State ex rel. v. Merriam, 159 Mo. 660; Hinkle v. Keer, 148 Mo. 48.

VALLIANT, J.—This is a will contest. The petition states that John Hinchey died leaving no widow or descendant and that his only heirs at law are his brother, the defendant Patrick Hinchey, and the plaintiff, who is a daughter of a deceased sister; that after his death a paper writing purporting to be the last

195 Sup.—34

will of John Hinchey was presented to the probate court and admitted to probate on November 5, 1898. The petition then goes on to state that the paper is not the will of John Hinchey, was never executed by him in the manner required by law and that it was the result of fraud, duress and undue influence exerted by the defendants on the alleged testator. The defendants are Patrick Hinchey, the surviving brother, and James O'Riley, who is named as executor.

The suit was filed to the January term, 1904, of the circuit court, only a few days before the expiration of the five-year limit prescribed by the statute.

Each defendant answered by general denial.

The abstract of the record proper shows the petition, the answers, that there was a trial resulting in a finding and judgment that the paper in question was the last will and testament of John Hinchey, deceased, from which judgment the plaintiff appealed, leave to file bill of exceptions at next term of court and that the bill of exceptions was filed during that next term; it does not show that a motion for a new trial was filed or that the court made any ruling on such motion.

The bill of exceptions shows a stipulation filed by the parties, plaintiff and defendants, and read in evidence in these words:

"It is hereby agreed and stipulated by and between the parties to the above-entitled cause of action as follows, to-wit:

"First. The plaintiff agrees that she will not further prosecute said action or make any further costs therein; and plaintiff further concedes that the will of John Hinchey, deceased, is valid and that the same is the last and true will of the said John Hinchey, deceased.

"Second. The defendants in consideration of the foregoing promise and agreement of the plaintiff, and the above concession made by the plaintiff, do hereby agree that they will make no further or additional

costs in said action except such as may be necessary to the formal proof of said will in the circuit court, of Clinton county."

At the trial the defendants called as witnesses the two subscribing witnesses to the will. Their testimony was to the effect that they happened to call at the residence of the deceased, who they knew was then quite sick; as they entered the house they were met by defendant James O'Riley who is a Catholic priest, and who said to them, "You are just the men we want," or some such words, and led them in to where the sick man was in bed; after they had spoken to him the priest asked him if he was then ready to sign that paper, to which he replied he believed he could if he was raised up in bed; one of the witnesses assisted him to rise in bed and held him in that position while he signed the paper. After that the priest said to the witnesses, "If you will sign this it will be all that we ask of you." Then they signed it as subscribing witnesses. They both testified that when they were doing what they did, they understood that the paper was the will of the sick man, but just what was said they did not quite remember. One of them being asked if Father O'Riley did not say to the testator, "Mr. Hinchey, do you want these gentlemen to sign this as witnesses?" answered, "I believe that is about the words that took place and he nodded his head or indicated in some way and we felt like —." They said that as it was four or five years ago they could not remember the words used, but Father O'Riley in the presence and hearing of the testator said, "We are waiting for you to witness Mr. Hinchey's will," or some such words; he also referred to the paper as bequest. The testator was about sixty years old and was of sound mind.

The will was read in evidence. By it the testator devised all his real estate to his brother, the defendant Patrick Hinchey; he made no bequest of his personal estate except that he directed and empowered the de-

fendant James O'Riley "to take charge of all notes belonging to and payable to me and defray all expenses connected with my last illness and funeral expenses and to carry out the instructions I have given verbally unto him." James O'Riley was named as sole executor without bond.

Defendants called defendant O'Riley as a witness. Plaintiff objected on two grounds: first, that the stipulation read in evidence "bars out further witnesses;" second, the witness was incompetent because he was a beneficiary under the will. The objection was overruled and exception taken. The witness testified that he wrote the will at the request of the testator and as he dictated; that at the execution he distinctly asked the testator, in the presence of the subscribing witnesses, if he declared it to be his last will and testament, to which he answered, 'Yes,' that he was then held up in bed by one of the witnesses and signed it, then the witnesses signed it at the testator's request. Defendants rested. Plaintiff offered no evidence.

Appellant's contention now is that the testimony of the subscribing witnesses was not sufficient to prove the due execution of the will and that Father O'Riley was not a competent witness.

The plaintiff's attitude is peculiar. After inaugurating the contest, she enters into a stipulation with the defendants in which she concedes that the paper in question is the valid will of the alleged testator and that she will not further prosecute the suit.

A suit of this kind is peculiar. When a will has been admitted to probate in the probate court, a suit in the circuit court to contest its validity brought within the period prescribed by the statute (five years), by a party in interest, has the effect to vacate the action of the probate court and leave the question *devisavit vel non* to be tried anew in the circuit court. The suit once properly instituted is so far beyond the control of the contestant that she cannot dismiss it,

neither can it be dismissed by her failure to prosecute.
The institution of the contest throws on the proponents
of the will the burden of proving in the circuit court
its due execution. [Cash v. Lust, 142 Mo. 630; Mc-
Mahon v. McMahon, 100 Mo. 97, and cases in the last
case cited.]

Therefore the stipulation that the plaintiff will no
longer contest and that she concedes the validity of the
will, does not obviate the necessity of due proof of its
execution. But if she does take part in the trial and
the verdict on the evidence is against her, so far as she
is concerned, she is not entitled to a reversal of the
judgment for alleged error in admitting testimony un-
less the record in the appellate court shows that the
point was properly presented to the trial court and
preserved in the bill of exceptions.

In the abstract of the record proper in this case
it does not appear that there was a motion for a new
trial or that such a motion was overruled. There are
recitals to that effect in the bill of exceptions, but that
is not sufficient; the filing of such motion and the ruling
of the court upon it can be shown only by the record
proper.

Besides, a party in a will contest case can no more
be heard to complain of an alleged error which she
herself induced or aided to produce than can a party
in any other kind of case. A contestant cannot by an
act of omission or commission in the progress of the
case impair the rights of any other interested party,
but may impair her own rights.

In this case the plaintiff stood before the trial
court admitting in solemn form that the paper writing
in question was the last will and testament of John
Hinchey, deceased, and when the formal proof had been
heard she offered no evidence to the contrary. If, then,
the trial court, in view of the lack of certainty or pos-
itiveness of the subscribing witnesses, after the lapse of
five years, as to the particular words that were used

on the occasion of the execution of the will, had at first hesitated to say that it was sufficient, yet taking into account the solemn admission of the only party interested to the contrary had finally concluded that the proof was sufficient, ought that party be heard to complain? Did she not herself induce the court to come to that conclusion?

The mere fact that the defendant James O'Riley was named as executor in the will did not render him incompetent (sec. 4637, R. S. 1899), but the fact that the will directed and empowered him to collect certain notes and after payment of certain debts apply the remainder according to verbal instructions known only to himself gave him a substantial interest in sustaining the will and we are not prepared to say that he was a competent witness (Miltenberger v. Miltenberger, 78 Mo. 27); but so far as this appellant is concerned and to the extent that her interest is involved it would be to rob the trial of the dignity of a serious proceeding to allow the plaintiff in one breath to solemnly admit the fact and in the next offer objection to the competency of evidence tending to prove the same fact.

If the interests of other persons should appear, a different question might arise.

There is no error in the record of which the appellant can complain.

The judgment is affirmed. All concur.