ELIZABETH SMITH and ARCHIE COFFMAN, Appellants, v. ADAM T. SMITH ET AL.—37 S. W. (2d) 902.

Division Two, April 14, 1931.

*Roger Miller, Vane Thurlo* and *Scott J. Miller* for appellants.

634

*C. B. Burns* and *P. M. Marr* for respondents.

COOLEY, C.—Suit to contest the purported last will of one George W. Smith. The suit was filed in the Circuit Court of Sullivan County and sent on change of venue to Linn County, where the trial court sustained a motion filed by defendants to dismiss the cause. After unavailing motions for new trial and in arrest, plaintiffs appealed.

Plaintiff Elizabeth Smith is the widow of testator. Plaintiff Coffman's relationship to testator is not alleged, but it developed, as will be herein shown, that he is a nephew of said Elizabeth, but not an heir of testator. As grounds for setting aside the will the petition alleges, in substance and effect, that testator did not have mental capacity to make a will at the time the instrument in question purports to have been executed; that he did not in fact sign said instrument and that his purported signature thereto was appended by some one else without his knowledge or consent "or at least without his knowledge of what the paper writing . . . meant, or intended to mean;" and that "if the said purported will was signed at the direction of George W. Smith it was through the undue influence of D. V. Mardis (not a defendant) and others acting as agent of the defendants," and that "the defendants and each of them exerted an undue influence over the mind of the said George W. Smith, deceased." The petition alleged no facts showing that Coffman had any interest entitling him to contest the will, nor did it allege facts showing that Mrs. Smith could have profited by setting aside the will, since by simply renouncing it she could have rendered it inoperative so far as it affected her rights in her husband's estate.

Twelve of the fifteen defendants filed general demurrers to the petition, alleging that it failed to state facts sufficient to constitute a cause of action. The other defendants filed no pleading. The court overruled the demurrers and thereupon all the defendants filed a motion to dismiss which, omitting caption and signatures, reads as follows:

"Come now the defendants herein and move the court to dismiss the plaintiffs' petition and proceedings herein, and as grounds for such motion state:

"That neither of the plaintiffs herein are such persons as have the right to contest a will under the laws of this State.

"That by the terms of the contested will herein the plaintiff Archie Coffman receives the sum of $100 as a legatee; that he is not an heir of the testator, and if said will is set aside he will receive nothing from said estate.

"That the plaintiff Elizabeth Smith as the widow of the deceased, has duly made her election in the Probate Court of Sullivan County, Missouri, to take one-half of the personal and one-half of the real estate of the deceased, has had the real estate of said deceased partitioned and sold under said election in the Circuit Court of Sullivan County, Missouri, and has had her homestead in said land set out and is bound by her said election in the Circuit Court of Sullivan County, Missouri, and has had her homestead in said land set out and is bound by her said election and partition, and if the will herein contested should be set aside she would not be permitted to elect to take any greater interest in said estate than she has now taken with the will probated."

The court proceeded to hear evidence upon the motion to dismiss. Defendants offered evidence tending to show that plaintiff Coffman is a nephew of his co-plaintiff, but not an heir of testator; that after the probate of the will in controversy, plaintiff Elizabeth renounced the will and filed her election to take one-half of the real and personal property of testator, subject to payment of debts, testator having left no descendants, and that she subsquently brought suit to partition the real estate, claiming one-half thereof by her election and homestead in the other half; that the partition suit proceeded to an interlocutory decree in accordance with the petition, ordering homestead set off to said Elizabeth and the balance of the land sold, and that commissioners were appointed who set off the homestead.

Defendants' evidence there stops. We infer from statements in briefs of counsel that the partition proceedings were halted at that stage by the institution of this suit to contest the will.

Plaintiffs did not at first offer objection to the hearing of evidence on the motion, but after defendants had progressed to the point of having shown the widow's renunciation of the will and her election to take under the statute, plaintiffs objected and asked that the evi-

dence heard be stricken out on the ground that it did not go to the "issues of the contest;" that a motion to dismiss a will contest is not contemplated by the statute, which prescribes how such suits shall be brought and prosecuted. The objection and motion to strike out were overruled. Defendants proceeded to prove the partition proceedings above mentioned and rested, whereupon plaintiffs moved to strike out all the evidence on the grounds mentioned and the further ground that a motion to dismiss is not the proper remedy under the statute "to reach the point at issue made by the defendants;" that the matters sought to be presented by the motion should be pleaded by answer, and that the court did not have jurisdiction to determine such matters on motion to dismiss the cause. That motion to strike out was also overruled.

Plaintiffs then offered evidence tending to prove that some ten days prior to the filing in the probate court of the will in controversy there had been presented and filed in that court a former will of testator George W. Smith, executed in 1909, by which he gave substantially his whole estate to his wife, said Elizabeth, and that the probate judge had taken proof showing the due execution of such former will.

Having heard the evidence as above outlined the court sustained defendants' motion and dismissed the case.

The question presented on this appeal is novel, as was the procedure adopted in the trial court. No precedent in support of the course followed is cited from the reports of this State. Respondents cite cases from several other jurisdictions to the effect that when the interest of contestant is put in issue and his right to contest the will is challenged on the ground of lack of interest, such issue should be determined before submitting to a jury the issue of the validity of the will. In those cases the issue was made and presented in accordance with the statutory provisions and rules of practice of the respective jurisdictions, and the courts of course made their rulings having in mind such statutory provisions and procedure. Those cases do not aid us in determining whether the procedure followed in this case is permissible under our statutes.

Section 537, Revised Statutes 1929, provides in substance that if any person interested in the probate of any will shall by petition to the circuit court contest the validity thereof an issue shall be made up whether the writing produced be the will of the testator or not, which issue shall be tried by a jury unless a jury is waived. Issues of fact in a law suit are made and presented by the *pleadings,* not by motions outside of the pleadings. Section 764, Revised Statutes 1929, prescribes the requisites of plaintiff's petition setting forth his cause of action. By Section 768 it is provided that "the only pleading on the part of the defendant is either a demurrer or an answer."

638

Other sections of Article 5, Chapter 5, Revised Statutes 1929, provide what the answer shall contain, both as to denial of plaintiff's allegations and as to new matter tending to defeat plaintiff's cause of action. We know of no statute, or for that matter rule of practice, authorizing a defendant to challenge *by motion* the facts alleged in plaintiff's petition and which constitute an essential part of the statement of his cause of action, and thus to join issue as to such facts which can be tried and determined by the court upon the motion separate and apart from the trial and determination of other issues tendered by the pleadings. It may sometimes happen that the *pleadings* make different issues, some of which may properly be triable to the court and others to a jury, and may even require or permit of separate hearings. We need not consider such question, because that is not the situation here presented.

We have heretofore held, in Gruender v. Frank, 267 Mo. 713, 186 S. W. 1004, that in a will contest the facts showing contestant's interest and consequent right to maintain the suit are constitutive elements of the statement of plaintiff's cause of action and if not stated in the petition the petition fails to state facts sufficient to constitute a cause of action; that such defect in the petition does not involve merely plaintiff's legal capacity to sue, which would be waived by failure of defendant to demur thereto; and that if such facts are not proved the court should sustain a demurrer to the evidence. It necessarily follows that a petition which fails to state such facts is demurrable for failure to state a cause of action. If the demurrer is sustained plaintiff may amend his petition and state the facts if they exist. If the demurrer should erroneously be overruled the defendant has his remedy.

In this case, as stated, defendants did demur to the petition, which was orderly and appropriate procedure. The court overruled their demurrers. Conceding that such ruling was erroneous, defendants had their appropriate and adequate remedy by following well established practice. Instead of following the course usually and properly followed when a demurrer to a petition has been overruled, defendants filed the above quoted motion to dismiss. There is nothing in the motion that, so far as pertinent at all, did not properly belong in the *pleadings* on one side or the other.

The course pursued and the court's action leave the case in this anomalous situation: By overruling defendants' demurrers the court held that the petition stated a cause of action; plaintiffs were not called upon to amend and so far had no occasion to complain; the sustaining of the subsequent motion to dismiss, on the ground of lack of interest in plaintiffs, a question presented by the demurrers and there ruled in plaintiffs' favor, put plaintiffs out of court without opportunity to amend their petition and state the facts showing their interest, if such facts existed. The court's rulings were not

only inconsistent but they precluded plaintiffs from the exercise of a right to which they were entitled. Further, the court assumed to try and determine upon the motion facts which were required to be pleaded and proved as part of plaintiffs' cause of action.

Moreover, a suit to contest a will, brought by a party in interest, the petition stating a cause of action, cannot be dismissed without an adjudication upon the will. The filing of such suit has the effect of vacating the judgment of the probate court admitting the will to probate, leaving the will unproven unless and until established by the judgment of the circuit court. [State ex rel. Damon et al. v. McQuillin, 246 Mo. 674, 152 S. W. 341; Hogan v. Hinchey, 195 Mo. 527, 94 S. W. 522; Johnson v. Brewn, 277 Mo. 392, 397, 210 S. W. 55.]

In State ex rel. Damon et al. v. McQuillin, supra, the court sustained a demurrer to plaintiff's petition, holding that it did not state a cause of action. It appeared upon the face of plaintiff's petition that she had no interest entitling her to maintain the suit. She abided the court's ruling and voluntarily dismissed the case. The dismissal was held permissible, but on the theory that the plaintiff's petition stated no cause of action, showing on its face that she had no right to contest, and that therefore there had been legally no contest instituted. That case, however, is authority for the holding that such action instituted by sufficient petition by one having the right to do so cannot be dismissed without adjudication upon the will and that, too, though issue has not been joined and defendants do not object.

In this case the court held, by overruling the demurrers, that the petition did state a cause of action, therefore necessarily that it was brought by a party in interest (see Gruender v. Frank, supra) and yet dismissed it upon defendants' motion without adjudicating upon the will or giving plaintiffs opportunity to be heard upon the issue of will or no will.

It appears to us clear that the court's action was improper and unauthorized.

Respondents suggest that, as plaintiffs did not at first object to the introduction by defendants of evidence in support of the motion to dismiss, they waived the right so to do and cannot now complain of the court's action. Since, as we hold, the court was without authority to entertain the motion and to dispose of the case as it did, we are not persuaded that plaintiffs' delay in objecting precluded them from later urging such lack of authority. They did object before the hearing was concluded and before the court had ruled on the motion. Plaintiffs' complaint is not as to the admissibility of the evidence if the motion to dismiss was a proper procedure but that the issue sought to be presented by the motion could not properly be presented and determined in that way.

It is our conclusion that the action of the trial court dismissing the suit was erroneous and should be reversed and the cause remanded with directions to that court to set aside the order of dismissal, reinstate the case, overrule the motion to dismiss and proceed with the case. It is so ordered. *Davis* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur.