EARL FIELDS ET AL. v. MARIE A. LUCK ET AL., Appellants.—100 S. W. (2d) 471.

Division One, December 14, 1936.

*William B. Bostian* and *Brewster, Brewster & Brewster* for appellants.

*Floyd S. Stratton* for respondents.

COLLET, J.—Margaret Luck Roff, a widow, died testate at Jackson County, Missouri, March 11, 1926. By her last will she devised all her property, real and personal, to E. Chester Luck and Julia O. Pearson, who were the children of a former husband. At the time of her death, her only blood relatives consisted of Samuel L. Reynolds, a brother of the half blood and Earl Fields, Minnie Fields and Pearl F. Karsten, children of John M. Fields, deceased, a full brother of testator. These last-named relatives instituted an action in the Circuit Court of Jackson County, contesting the will above referred to. E. Chester Luck and Julia O. Pearson, the legatees under the will, were named defendants therein. The cause was tried several times in the circuit court and submitted twice to this court [44 S. W. (2d) 18; Id., 335 Mo. 765, 74 S. W. (2d) 35]. On October 1, 1934, our mandate on the second appeal was filed in the circuit court. This mandate directed a new trial of the cause. In obedience thereto, the case was returned to the general docket of the circuit court. In the meantime E. Chester Luck, one of the two defendants, had on the 12th day of June, 1933, departed this life, testate, leaving as his only heirs a widow, Marie Anna Luck (who was named his

executrix in his will) and Robert L. Luck, Ellis C. Luck and K. Richard Luck, his children. On October 13, 1934, Julia O. Pearson, the then only remaining defendant, filed a suggestion of the death of E. Chester Luck, and requested that the court issue a writ of *scire facias* commanding Marie A. Luck, executrix, to appear and show cause why the cause should not be revived and continued against her as such executrix. The court ordered the writ of *scire facias* and a summons was issued, directed to Marie A. Luck. Although the sheriff was furnished with her street address he was unable to find her.

On November 10, 1934, the court granted leave to withdraw the joint answer theretofore filed, whereupon the defendant Julia O. Pearson filed a separate answer, coupled with a plea in abatement. The plea in abatement sought to have the cause abated as to E. Chester Luck on the ground that there had been no revival, Marie A. Luck never having been served. It was overruled on January 25, 1935. Thereafter on February 9, 1935, plaintiffs filed a motion asking a revival of the cause against Marie A. Luck, as executrix and the heirs of E. Chester Luck, naming them. This motion contains the following statement:

"That by reason of the vested interest that the aforesaid deceased defendant (E. Chester Luck) acquired under the said will of Margaret Luck Roff, his heirs at law, and his widow, Marie Anna Luck, who as devisee and legatee under the will of the said E. Chester Luck, are necessary parties defendants in the determination of this present action."

The court ordered the cause revived in the names of Marie Anna Luck, executrix of the estate of E. Chester Luck, deceased, and Marie Anna Luck in her individual capacity and Robert L. Luck, Kenneth R. Luck and Ellis C. Luck, heirs and legatees of E. Chester Luck, and ordered that a summons of *scire facias* issue, directed to Marie A. Luck, executrix and Marie Anna Luck, Kenneth R. Luck and Ellis C. Luck, Jr. (Apparently the name of Robert L. Luck was omitted from the order directing the summons.) In this order of revival we find the following:

"Suggestion of death having been offered and made to this court of the death of one of the defendants in this cause, E. Chester Luck, by the codefendant, Julia O. Pearson; and it appearing to the court, that Marie Anna Luck has been duly appointed by the Probate Court at Kansas City, executrix of the estate of the said E. Chester Luck, that he died leaving as his heirs at law, Robert L. Luck, Kenneth R. Luck, and Ellis C. Luck, and his widow, Marie Anna Luck, who are necessary parties to the further prosecution and final determination of this action. It is upon motion of said plaintiffs herein, therefore, further ordered, that this cause stand revived in the names of Marie

Anna Luck, executrix of the estate of E. Chester Luck, deceased, Marie Anna Luck, Robert L. Luck, Kenneth R. Luck and Ellis C. Luck, Jr., unless good cause to the contrary be shown against said revival on or before the 4th day of the next term of this court; . . . ''

The summons was issued and again a *non est* return was made although on this occasion the following written instructions were given to the sheriff:

''Under the writ of *scire facias* in the above entitled cause, you are hereby instructed to serve the same upon Marie Anna Luck, executrix of the estate of E. Chester Luck at 417 Walnut St., she being secretary of the T. Lee Adams Seed Company. Her residence is at 3704 Jefferson Avenue.

''Marie Anna Luck, individually, same as above.

''Robert L. Luck, Pres., T. L. Adams Seed Company, 417 Walnut, Res. 3314 Highland Ave.,

''Ellis C. Luck, salesman, Adams Seed Co., 417 Walnut St., Res. 3704 Jefferson,

''Kenneth (Richard) Luck, Res. 3704 Jefferson Ave.''

Without further effort to bring in these parties as defendants the cause was tried before the court without a jury on March 15, 1935. The trial consisted of the introduction in evidence of the printed testimony of various witnesses given at a previous trial of the cause and preserved in a copy of the bill of exceptions filed in this court, together with the will and other formal testimony. The abstract indicates that the testimony was not read to the court but was stated in substance by counsel. It appears that prior to the conclusion of the introduction of the proponents' testimony the hearing of the case was interrupted at four forty-five P. M. to receive the verdict of the jury in another cause and that thereafter proponents' testimony was completed, the evidence of the contestants introduced and the judgment of the court setting aside the will entered the same day. Julia O. Pearson does not appeal from that judgment.

On May 9, 1935, and during the same term of court at which the above judgment was entered, Marie Anna Luck, as executrix, and individually, and Robert L. Luck, Ellis C. Luck and K. Richard Luck, represented by counsel not theretofore appearing in the cause, filed a motion asking for leave to intervene, to become parties defendant, and to file a motion to set aside the judgment entered on March 15. This motion reviewed the hectic career of this case, substantially as we have heretofore set it out, and charged on information and belief that the defendant Julia O. Pearson had entered into a settlement agreement with the plaintiffs prior to March 15, 1935, by which agreement the cause was to be tried upon only such evidence as would tend to prove that the paper writing alleged to be the will of Margaret

Luck Roff was not in fact her will; that the cause was tried in that manner and therefore was not, in fact a trial upon the merits, but, constituted a fraud upon the court and upon the petitioners. The motion further alleged that if the will of Margaret Luck Roff was sustained the petitioners would receive the property which, under the will, was devised and bequeathed to E. Chester Luck, and that if the will was set aside, the petitioners would be divested of any interest in the property bequeathed under the will and that therefore they were proper and necessary parties to the action. A motion to set aside the judgment of March 15, 1935, was filed with the motion requesting leave. The motion to set aside the judgment contained practically the same allegations contained in the motion for leave. On May 11, 1935, and during the same term, these motions were taken up by the court. It appears that no evidence was offered on either of the motions. Both motions were overruled. The record before us shows that the appeal is from "the decision and judgment of the court in this cause."

In their brief plaintiffs states that they were led to believe that Marie Anna Luck "wanted nothing more to do with this will contest" and that this understanding of her attitude was confirmed by the noninterest shown by the intervenors and the executrix' attorney. The fact that plaintiffs and the court may, by the attitude of parties other than these intervenors, have been led to believe that the widow and heirs of E. Chester Luck had abandoned the litigation is not a sufficient ground upon which interested parties may be denied their day in court.

Plaintiffs and defendant Pearson, by their respective motions to revive, each concede that intervenors are necessary parties. The court asserted that fact in its order of revival. Therefore in asking to be made parties they are now asserting a right which they concededly have.

The record proper shows that the court did not have jurisdiction of these necessary parties, hence the judgment was a nullity as to them and since it was timely appealed from, it must be reversed and the cause remanded for further proceeding, consistent with the conclusions herein expressed. It is so ordered. All concur.