HAZLETT KYLE CAMPBELL by ANTON SCHULER, Guardian of the Person and Estate of HAZLETT KYLE CAMPBELL, *non compos mentis,* Appellant, v. ST. LOUIS UNION TRUST COMPANY, a Corporation, and ALLEN C. ORRICK, Executors of the Estate of HUGH CAMPBELL, and ST. LOUIS UNION TRUST COMPANY, a Corporation, ALLEN C. ORRICK, Trustees for HAZLETT KYLE CAMPBELL Under the Will of HUGH CAMPBELL; BELLEFONTAINE CEMETERY ASSOCIATION, a Corporation, MARTHA SIEBKE, MARY BOERSTE, AUGUST H. MEYER, AUGUST HERMAN MEYER, Trustee of ADOLPH FURMAN Under the Will of HUGH CAMPBELL; AUGUST HERMAN MEYER, Trustee of HARRY FURMAN Under the Will of HUGH CAMPBELL; ADOLPH FURMAN, HARRY FURMAN, FRANK HAVINNATTI, and the Unknown Living Children and Heirs of MRS. BETTIE OTEY ANDERSON, and YALE COLLEGE, a Corporation.—124 S. W. (2d) 1068.

Division Two, February 21, 1939.

*John S. Leahy, W. W. Henderson* and *Harry Troll* for appellant.

*Jacob M.* and *Arthur V. Lashly* for Yale College.

1044

*Daniel N. Kirby* and *Harry W. Kroeger* for St. Louis Union Trust Company and Allen C. Orrick, Executors and Trustees, and *Frank H. Fisse* for August H. Meyer, August Herman Meyer, Trustee for Adolph Furman, August Herman Meyer, Trustee for Harry Furman and Frank Havinnatti.

WESTHUES, C.—This is a suit to contest what purports to be the last will and testament of Hugh Campbell, deceased. The suit was filed by Anton Schuler, guardian of the person and estate of Hazlett Kyle Campbell, a *non compos mentis*. Hazlett Kyle Campbell was a brother of the testator and his sole heir. Except for the will, he would have inherited the entire estate valued at over a million dollars. An answer and an equitable counterclaim were filed by the defendants, who were the beneficiaries of the estate. Upon a hearing on this counterclaim the trial court enjoined the prosecution of the suit to contest the will, and from the judgment entered plaintiff appealed. Plaintiff's petition stated that Hazlett Kyle Campbell was declared to be of unsound mind by the probate court; that Anton Schuler, public administrator of the city of St. Louis, was appointed guardian of the person and estate of said Campbell; that the guardian, on July 16, 1932, obtained, from the probate court, an order authorizing the institution of the suit to contest the will of Hugh Campbell. The petition further alleged that Hugh Campbell died on August 8, 1931; that Hazlett Kyle Campbell was the sole heir at law of the testator. The petition then sets forth what purports to be the will of Hugh Campbell. It is unnecessary to state the various provisions of the will in detail, but by it a number of servants were given substantial amounts in appreciation of many years of service; the sum of $30,000 was left in trust to the defendants, Furmans; the bulk of the estate was directed to be held by the defendants, St. Louis Union Trust Company and Allen C. Orrick, as trustees, the income to be used for the maintenance of the testator's brother, the plaintiff herein; after the death of the plaintiff the entire estate was to be transferred to Yale University for the purpose of erecting a building in memory of the testator's deceased brother, who died many years ago and who was a graduate of that school. The petition then alleged in substance that the defendant, St. Louis Union Trust Company, through its officers and agents, had exercised undue influence over the mind of the testator, and that therefore the purported will was not the will of Hugh Campbell. The petition also charged

that Hugh Campbell was, at the time the purported will was alleged to have been executed, of unsound mind. The prayer of the petition asked that an issue be made whether the paper writing, purporting to be the last will and testament of Hugh Campbell, deceased, was his last will.

To this petition the St. Louis Union Trust Company and Allen C. Orrick, trustees under the will, filed what they called an answer and equitable counterclaim. A like answer was filed by Yale University and the other beneficiaries under the will. The trustees in their answer specifically denied that the testator was of unsound mind, or that the St. Louis Union Trust Company, through its officers and agents, exercised undue influence over the mind of the testator. The answer, therefore, directly met the issues presented by the petition. It was also admitted in the answer that plaintiff, Campbell, had been adjudged to be a person of unsound mind; that Anton Schuler had been appointed his guardian; that Schuler, acting in that capacity, obtained an order from the probate court authorizing him to file a suit to contest the validity of the will here in question.

In the counterclaim the defendants appealed to the equitable side of the court to enjoin the prosecution of the will contest suit. In this counterclaim many of the allegations of the petition and the admissions made in the answer were repeated. The facts pleaded, upon which an injunction was sought, were substantially as follows: That a number of the collateral kin, who were not heirs of Hugh Campbell and who were not entitled to maintain a suit to contest his will, after the death of the testator, conceived themselves to be heirs of Hazlett Kyle Campbell and entered into a conspiracy to bring about a judicial adjudication of the mental incapacity of Hazlett Kyle Campbell; that they further conspired to set aside the last will and testament of Hugh Campbell and thus divert his estate from the legatees under the will to the said Hazlett Kyle Campbell, and since he, Hazlett Kyle Campbell, was of unsound mind he would be incapable of tranferring the property or of making a valid will, and thus the property, at his death, would pass to the collateral kin. The answer charges that pursuant to this conspiracy, proceedings were instituted whereby Hazlett Kyle Campbell was adjudged insane. We may pause to state here that all parties concerned conceded that Hazlett Kyle Campbell was hopelessly insane and had been so for many years. The answer further charged that Anton Schuler, public administrator, was appointed guardian of the person and estate of Hazlett Kyle Campbell; that at that time Hazlett Kyle Campbell had no estate, but had available, for his support, an income, far in excess of his needs, from a trust estate created for his benefit in the year 1885; that in addition to that there was available, for his support, an income, far in excess of his needs, from the

trust estate created for his benefit by the will of Hugh Campbell, the will here in question. The answer charged that the lunacy proceedings were not instituted because of any solicitude for the welfare of Hazlett Kyle Campbell, but as a preliminary step toward the institution of a will contest suit; that the collateral kin attempted to persuade the guardian that Hugh Campbell, the testator, had been unduly influenced in the execution of the purported will and that the testator was insane, but, that the guardian was not convinced and refused to file a suit to contest the will until the collateral kin threatened to sue him on his bond if he refused to file such a suit; that thereupon the guardian filed a petition in the probate court seeking authority to file suit, which petition was granted; that the present suit followed. It is further charged in the answer that the suit was filed because the guardian desired to avoid a suit on his bond and not because of his interest in his ward; that the suit was brought without any *disinterested evidence* having been laid before the guardian of the mental incapacity of the testator. It is then alleged that the defendants have no adequate remedy at law. This is followed by a prayer for relief. The guardian filed a motion to strike out the so-called equitable counterclaim for the reason, among many others, that the facts stated therein did not constitute a defense. This question was preserved for our review. It is our opinion that the motion to strike out the equitable counterclaim should have been sustained.

The defendants had a complete and adequate remedy at law, which was pleaded by them in their answer, wherein they specifically denied the charge of undue influence and the insanity of the testator. If there is no substantial evidence to support the charges made in the petition, a trial court would be bound, under the law, to instruct a jury to return a verdict upholding the will, and defendants would be the beneficiaries. In this connection we may note that defendants state that plaintiff had no disinterested evidence to support his charges. That was not necessary. The interest a witness has in the result of a trial goes to the witness's credibility and the weight of the evidence, but it does not mean that the facts may not be proven by interested witnesses. If, therefore, on the other hand, there was substantial evidence to support either charge contained in plaintiff's petition, then plaintiff had the right to have a jury pass upon the question. [See Sec. 537, R. S. 1929, Mo. Stat. Ann., p. 326.] The issue of will or no will could have been tried with as little expense and inconvenience as was had at the trial upon the issues raised by the counterclaim. Defendants have taken a peculiar position. By their counterclaim they ask a court of equity to forever enjoin a suit to contest the will under which they claim over one million dollars. In other words they say to the court of

equity, even if the will is void, because undue influence was exercised or because the testator was insane at the time it was executed, you give us the estate under this void will, because the guardian of the sole heir, the only person, under the law, who had the right to contest the will, did not have the proper motive in filing the suit. If the charges of the petition cannot be sustained by substantial evidence, then defendants have nothing to fear. If they are true, then defendants have no right to the estate, and certainly a court of equity should not, by its power, vest in the defendants property to which they are not entitled. To do so would result in giving the defendants the property under the will without giving the sole heir under the law an opportunity to be heard upon his claim that the will was void. If Hazlett Kyle Campbell had been sane he could have filed this suit and his motive could not have been questioned. His guardian has filed the suit for him, and no matter what the motive of the guardian may have been, if he is successful the ward will receive the entire estate in lieu of the income therefrom as provided by the will. The fact that the ward had in his own right, or otherwise, ample funds to support himself is beside the question. How can it be said that the ward would not be benefited if he received all of the estate in lieu of only the income therefrom? The fact that the collateral kin agitated the filing of the suit is also beside the question. Such facts could not defeat an existing right in the sole heir.

There are other reasons why the issue of will or no will cannot be enjoined under the circumstances of this case. The suit was filed on behalf of the sole heir. He is insisting upon his rights. The sufficiency of the petition to state a cause of action was not questioned. This, under our rulings, required a trial and the trial court, either in equity or in law, could not dismiss plaintiff's suit. Note what this court said in Smith v. Smith, 327 Mo. 632, 37 S. W. (2d) 902, l. c. 904, 905 (6, 7) (8);

"Moreover, a suit to contest a will, brought by a party in interest, the petition stating a cause of action, cannot be dismissed without an adjudication upon the will. The filing of such suit has the effect of vacating the judgment of the probate court admitting the will to probate, leaving the will unproven unless and until established by the judgment of the circuit court. [State ex rel. Damon et al. v. McQuillin, 246 Mo. 674, 152 S. W. 341, Ann. Cas. 1914B, 526; Hogan v. Hinchey, 195 Mo. 527, 94 S. W. 522; Johnson v. Brewn, 277 Mo. 392, 397, 210 S. W. 55.]. .

"In this case the court held, by overruling the demurrers, that the petition did state a cause of action, therefore necessarily that it was brought by a party in interest (see Gruender v. Frank, supra), and yet dismissed it upon defendants' motion without adjudicating upon the will or giving plaintiffs opportunity to be heard upon the issue of will or no will.

"It appears to us clear that the court's action was improper and unauthorized."

Even a plaintiff cannot dismiss a will contest suit after issue has been joined. [See McMahon v. McMahon, 100 Mo. 97, 13 S. W. 208; 1 Houts Mo. Pleading & Practice, sec. 330.]

Defendants, to sustain their position that a court of equity had the power to enjoin the prosecution of this suit, have cited Primeau v. Primeau, 317 Mo. 828, 297 S. W. 382; In re Connor's Estate, 254 Mo. 65, 162 S. W. 252; In re Hansen's Guardianship, 67 Utah, 256; First National Bank of St. Petersburg v. MacDonald et al., 100 Fla. 675. In each of those cases the question involved was that of a guardian of an insane widow making an election under the statute for the widow to take under the provisions of the will of her husband or to reject the will and take the property given her by the statute. In that class of cases the validity of the will is always conceded. That in itself is a sufficient distinction from the case at bar to render the decisions inapplicable to the question now before us.

The judgment of the trial court is reversed and the cause remanded. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges coucur.