EDWIN HANNA, APPELLANT v. LENA SHEETZ, ET AL., RESPONDENT.—
205 S. W. 2d 955.

Kansas City Court of Appeals. Opinion delivered November 10, 1947.

386

*H. K. West, Edwards & Dempsey* for appellant.

*George N. Davis* and *William M. VanCleve* for respondents.

CAVE, P. J.—This is a suit to contest the validity of a will of Katherine Sheetz which was admitted to probate in the Probate

Court of Macon County, Missouri, and to have a prior will executed by her admitted to probate as her last will. The petition was filed October 17, 1944, *under our old Civil Code,* and was returnable to the November Term of the Circuit Court of Macon County. Summonses were issued and served on eight of the defendants thirty days before the beginning of the November Term, and the sheriff's return stated that six of the defendants could not be found in Macon County. The statutory terms of·the Circuit Court of Macon County begin on the third Monday in January; first Monday in May; first Monday in September and the third Monday in November of each year.

After the sheriff's non est return, as to defendants not served, two of the defendants were served with process on the 12th of March, 1945, and in August, 1945, four other defendants, who were not named in the original summons, entered their appearance, leaving three of the defendants, Robert King Sheetz, Lucille Bratton, and Richard LaTralle Sheetz, unserved. These three defendants were named in the original summons, and were among those the sheriff stated in his return could not be found in Macon County. No further process was requested by the plaintiff to be issued in an effort to give the court jurisdiction of said three defendants.

At the September, 1945, Term of the Court, some of the defendants who had been served, filed a motion to dismiss plaintiff's petition for the reason that service had not been completed on *all the defendants by the end of the second term of court after the term at which the petition was filed.* This motion was based on.the provisions of Sec. 538, Laws of Mo. 1943, wherein it is provided: ''If any person interested in the probate of any will shall appear within one year after the date of the probate or rejection thereof, and, by petition in the circuit court of the county, contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made up whether the writing produced be the will of the testator or not, * * *. *Provided, however,* that any such person shall proceed diligently to secure and complete service of process as provided by law on all parties defendant in any such action; and if service of process shall not be so secured and completed upon all parties defendant, not later than the end of the second term of the circuit court following the term of said court at which said petition was filed, the, petition, on motion of any party defendant in said action, duly served upon the petitioner or upon the attorney of record for said petitioner, shall, in the absence of a showing by the plaintiff of good cause for failure to secure and complete such service, be dismissed by the circuit court at the cost of petitioner, * * *''.

The motion to dismiss was taken up on the 25th of October, 1945, (during the September term), and testimony was heard and the cause taken under advisement, and on March 6, 1946, was sustained and the

petition dismissed and judgment entered thereon. A motion for new trial was filed and overruled and appeal perfected to the Supreme Court, which court transferred the cause to this court because it did not affirmatively appear that title to real estate was involved and that plaintiff's contention that said Sec. 538 was unconstitutional had been abandoned in his brief as filed in the Supreme Court. Hanna v. Sheetz et al., 200 S. W. (2d) 338.

There is but one point urged in this court and that is, that the trial court erred in dismissing plaintiff's petition because all the defendants had not been served with process "not later than the end of the second term of the circuit court following the term of said court at which said petition was filed, * * *". It is admitted that the three defendants named were not served with process within the time required by new Sec. 538. The new section is quite different from old Sec. 538, R. S. 1939. The old section merely required the petition to be filed within one year after the date of the probate or rejection of the will, while the new section makes the same requirement but adds the *proviso* quoted supra, as to time for service of process on all defendants. In the instant case the petition was filed within one year from the date of the probate of the last will and the rejection of the former will, but the motion was sustained and the petition dismissed because the plaintiff had not served all the defendants within the time prescribed by said section.

The bone of contention is that portion of the new section which states that the court "shall, in the absence of a showing by the plaintiff of good cause for failure to secure and complete such service, * * *" dismiss the petition. Plaintiff argues that the word *shall* should be construed to mean *may*. We think that is true because of the qualifying clause which immediately follows the word "shall" to the effect, "in the absence of a showing by the plaintiff of good cause for failure to secure and complete such service, * * *". But is that any aid to plaintiff? The trial court heard evidence on the question whether plaintiff had shown *good cause* for the failure to secure and complete service of all the defendants and decided that issue against plaintiff. The question we must decide is whether the trial court abused its discretion. We think not.

The only excuse offered by plaintiff for not having served all the defendants within the time required by the statute, was that he did not know their whereabouts. He could have gotten service by publication based upon the sheriff's non est return (Sec. 890, et seque. R. S. 1939), but no effort was made to do so. Furthermore, the application for the probate of the *last* will stated where two of the unserved defendants lived and that the address of the other was unknown, but plaintiff made no examination of the probate records. In fact, plaintiff does not introduce any evidence to justify the delay of service of process, except statements by his attorney that he had tried to locate

these parties but had been unable to do so because the recent war made travel difficult. The trial court passed on the issues of fact and we are unwilling to say that the court abused its discretion in dismissing the petition. The whole administration code is designed to expedite the final administration of estates in as short a time and with as little expense as possible. And where a deceased's will is in dispute, the Legislature has very clearly limited the time within which such a *suit* must be *brought* and *service had*.

It follows that the judgment should be and is affirmed.

All concur.