Marjorie Haile BLATT, Plaintiff-Appellant,

v.

Harvey C. HAILE, as Executor of the Estate of Oscar L. Haile, Deceased, Harvey C. Haile, Individually, Jessamine Haile Geis, Ruth Garner, Annie L. Deardorff, Myrtle Castleman and Josephine H. Mueller, Defendants-Respondents.

No. 44897.

Supreme Court of Missouri,

Division No. 2.

May 14, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied June 11, 1956.

Otto R. Erker, Harry R. Stocker, Kenneth F. Summers, St. Louis, W. Thomas Coghill, Jr., Farmington, for appellant.

Roberts & Roberts, J. Richard Roberts, Cayce & Manley, R. B. Manley, Farmington, for respondents Harvey C. Haile, as executor of estate of Oscar L. Haile deceased, Harvey C. Haile individually, Jessamine Haile Geis, and Myrtle Castleman.

BARRETT, Commissioner.

This is an action to contest the will of Mr. Oscar L. Haile who died on February 20, 1953. The suit, alleging the testator's mental incapacity and undue influence by certain beneficiaries, was filed in the Circuit Court of St. Francois County on February 10, 1954, during the February 1954 term of that court. Thereafter all of the defendants, save one, were duly served with process or filed separate answers. On February 8, 1955, the executors, who are the two principal beneficiaries, and another defendant filed a motion to dismiss the action for the reason that two terms of court had passed, V.A.M.S. §§ 478.203, 478.293, and one of the parties defendant, Annie L. Deardorff, had not been served with process as required by the statute authorizing the contest of wills. The trial court heard the motion, found that service of process had not been had on all the parties "not later than the end of the second term of the circuit court following the term of said court at which said petition was filed" and that "plaintiff has failed to show good cause for failure to secure and complete said service" and, therefore, pursuant to the statute, V.A.M.S. § 468.580, the court dismissed the plaintiff's petition with prejudice. The plaintiff and sole contestant has appealed from the order of dismissal.

The factual background and relationship of the parties, according to the allegations of the petition, is that Mr. Haile was eighty-eight years old when he executed his will on March 14, 1951, in which he disposed of real and personal property of the value of $261,000. He was ninety years old and a widower when he died on February 20, 1953. Mr. Haile had had five children but two of them predeceased him and left no children or descendants. One son, Dr. Leon Haile, who likewise predeceased Mr. Haile, left two children, the plaintiff, Marjorie Haile Blatt, and her sister Josephine H. Mueller, who is a defendant in this action. Two children, Harvey C. Haile and Jessamine Haile Geis, survived their father and they are the executors of his will and defendants in this action. Should the plaintiff granddaughter succeed in setting aside the will she would, as an heir, receive about $40,000.

In his will Mr. Haile provided for the sale of his abstract and loan company to a "faithful" assistant for the sum of $5,000. He did not mention his deceased children but he gave each of his granddaughters, the plaintiff Marjorie Blatt and the defendant Josephine Mueller, the sum of $100. He gave his wife's sister, Myrtle Castleman, and his wife's niece, Annie L. Deardorff, $500 each. The residue of his property he gave to his surviving son and daughter, the executors and defendants, Harvey C. Haile and Jessamine Haile Geis.

As stated, after the passage of two terms of court after the filing of the petition, the son and daughter, as executors and as the two principal beneficiaries, and his wife's sister, Mrs. Castleman, joined in filing a motion to dismiss the petition for the reason that timely service of process had not been had upon one of the defendants, the wife's niece, Annie L. Deardorff. When the motion was called for hearing on March 4, 1955, counsel for the plaintiff and counsel for the defendants, upon inquiry from the court, announced that they were ready to take up the motion. Thereupon, the movants, "to sustain the issues in their behalf," offered the following evidence and admissions by plaintiff's counsel: Mr. Haile's death, the granting of letters testamentary in the Probate Court of St. Francois County and the institution of this suit on February 10, 1954, were admitted. The letters testamentary listed Annie L. Deardorff, a niece, with an address of Portland, Oregon. The petition to contest the will was signed by a lawyer who is still an attorney of record in the cause. After being served with notice of the motion to dismiss, however, he took two other lawyers into the case. On February 11, 1954, the deputy circuit clerk wrote the lawyer a letter in which she acknowledged receipt of the petition and informed him that it had been filed on

the day of receipt, February 10, 1954. In the letter she specifically asked for "some additional information regarding addresses of part of the defendants in order for service to be had on them. Please give us the addresses of defendants Jessamine Haile Geis, *Annie L. Deardorff,* Myrtle Castleman and Josephine H. Mueller. Summons have already been issued on the others." On February 18, 1954, the lawyer answered the clerk's letter and gave the precise addresses of three of the defendants. As to the fourth, he said, "I do not know the present whereabouts of Annie L. Deardorff." On February 27, 1954, the circuit clerk again wrote the lawyer and informed him that "Summons' have been issued on all defendants in the above entitled cause *with the exception of* Jessamine Haile Geis and *Annie L. Deardorff.* Since defendant Geis lives out of state it will be necessary that we obtain service by mail. We are therefore enclosing an affidavit for service by mail which it will be necessary that you sign. Please sign on the line marked with the red check mark and return to us. The summons and copy of petition will then be sent by registered mail to defendant Geis. *According to plaintiff, the present whereabouts of defendant Deardorff is unknown. You will find enclosed an affidavit for service by publication. This should be signed by both plaintiff and attorney and returned to this office. Also enclosed is a copy of the order of publication of notice. If you would like to make any changes in the order please do so, then return same to us and we will complete necessary procedure of publication. Also give us the name of the newspaper in which you desire to have the publication order published.* The St. Francois County newspapers are, The Farmington Press, The Farmington News, the Lead Belt News, The St. Francois County Journal and The Bonne Terre Register. If you desire any further information in this matter, or if we can be of any further service to you, please let us know." In response to this letter plaintiff's counsel executed the affidavit for service by mail upon Mrs. Geis, returned the affidavit to the clerk, and service was accordingly had upon Mrs. Geis. The

lawyer signed the affidavit for service by publication on Annie L. Deardorff and on March 4, 1954, his client executed the affidavit before a notary public in Baltimore, Maryland, but the affidavit was not returned to or filed with the circuit clerk until February 21, 1955, which was thirteen days after the filing of the motion to dismiss. It was admitted that the affidavit for service by publication was in plaintiff's counsel's "hands" from February 28, 1954, until February 21, 1955, and there was no request for summons, order of publication, or for an alias summons prior to February 21, 1955. Counsel for defendants then said, "That is all, your Honor, on the part of the movant."

Whereupon, instead of offering any evidence or requesting any admissions from movants' counsel, one of plaintiff's counsel said, "If your Honor, please, I would like to make an address to the court here on the first phase of our opposition to the defendants' motion to dismiss, and I would like permission for * * * my associate, to give the court some law after I have finished. * * * I would like to make certain statements of fact to the court so that the court may understand our position in this matter." He said to defendants' counsel, "Will that be agreeable, Mr. Roberts?" Mr. Roberts said, "Yes, that is agreeable, certainly agreeable, with us." Plaintiff's counsel first informed the court that the lawyer who had filed the suit and who had signed the affidavit for publication but had failed to timely return it or secure service upon Annie L. Deardorff "is not here." He then proceeded to tell the court about the law firm with which the lawyer had been associated in St. Louis, the illness of one of the senior partners, the death of another, the dissolution of the firm and of the lawyer's having to handle the business of an important client, necessitating trips to New York, Philadelphia, New Orleans, Kansas City and South America. Counsel concluded his statement by saying, "We contend, your Honor, that it is discretionary with the court in matters of this kind whether a motion of this sort should be sustained for the reasons given by the movant, or whether the plaintiff should not be

penalized under circumstances of this kind where good faith has been shown all along the line, and where an earnest effort is now being made by counsel of record in the case to bring the case to an early trial and early disposition." Another of plaintiff's counsel then argued "the law" to the court, particularly discussing the statute under which the suit and the motion to dismiss were filed, V.A.M.S. § 468.580. The court took the motion under advisement and, as stated, on March 11, 1955, sustained the motion and dismissed the petition after finding that "plaintiff has failed to show good cause for failure to secure and complete said service."

■■ Needless to say, the unsworn oral statement of counsel, 60 C.J.S., Motions and Orders, § 37(e)(2), p. 35, in opposition to a motion is not one of the best methods of offering evidence or of "showing by the plaintiff of good cause for failure to secure and complete such service," thereby avoiding the penalty of a dismissal. V.A.M.S. § 468.580. But accepting counsel's statement, as the court evidently did, it does not follow that the court so abused its discretion that this court may confidently make another and contrary finding. "The trial court heard evidence on the question whether plaintiff had shown *good cause* for the failure to secure and complete service of all the defendants and decided that issue against plaintiff. The question we must decide is whether the trial court abused its discretion. We think not. The only excuse offered by plaintiff for not having served all the defendants within the time required by the statute was that he did not know their whereabouts. He could have gotten service by publication based upon the sheriff's non est return * * * but no effort was made to do so. Furthermore, the application for the probate of the *last* will stated where two of the unserved defendants lived and that the address of the other was unknown, but plaintiff made no examination of the probate records. *In fact, plaintiff does not introduce any evidence to justify the delay of service of process, except statements by his attorney that he had tried to locate these parties but had been unable to do so because the recent war made travel difficult.* The trial court passed on the issues of fact and we are unwilling to say that the court abused its discretion in dismissing the petition. The whole administration code is designed to expedite the final administration of estates in as short a time and with as little expense as possible. And where a deceased's will is in dispute, the Legislature has very clearly limited the time within which such a *suit* must be *brought* and *service* had." Hanna v. Sheetz, 240 Mo.App. 385, 388–389, 205 S.W.2d 955, 956–957.

It is argued, nevertheless, that the trial court could not dismiss the petition to contest the will. The filing of a suit to contest a will has the effect of vacating the judgment of the probate court admitting the will to probate, thus leaving the will unproven until established by the judgment of the circuit court and therefore it is urged that the action could not be dismissed without an adjudication upon the will. Campbell v. St. Louis Union Trust Co., 343 Mo. 1041, 1048, 124 S.W.2d 1068, 1070; Smith v. Smith, 327 Mo. 632, 37 S.W.2d 902; Hogan v. Hinchey, 195 Mo. 527, 94 S.W. 522. It should be noted, however, that these cases were all decided prior to and without concern with the amendment in 1943, Laws Mo. 1943, p. 303, of the will contest statute, 1939 RSMo § 538, and the enactment of the provision with which we are now concerned. Incidentally, the statute has again been amended, Laws Mo.1955, p. ——, by changing the time for service of process to sixty days. V.A.M.S. § 473.083. The appellant does not challenge the power of the General Assembly to amend the will contest statute, neither does she contest the essential validity of the statute as now amended. "In this country, the right to contest a will, whether of real estate or personalty, does not exist independently of statutory authority, and can be exercised only in accordance with and within the limits prescribed by statute." 57 Am.Jur., Sec. 759, pp. 519–520. The amended statute explicitly provides for and covers all these matters; "from and after the date of said dismissal the probate court in which the estate in question was being administered at the time said petition was filed in said circuit court shall proceed with

the administration of said estate in accordance with the previous order of the probate court admitting said will to probate, or rejecting the same, as if said petition had never been filed in the circuit court; * *." V.A.M.S. §§ 468.580, 473.080.

It is true that statutes governing the time within which will contests must be instituted and prosecuted are not, strictly speaking, statutes of limitation. But that fact, it appears to us, weakens rather than strengthens the appellant's argument because such statutes confer jurisdiction upon the circuit court and after the lapse of the prescribed period the court has no jurisdiction over the subject matter of the contest. 2 Page, Wills, Sec. 606, p. 140; Miller v. Munzer, Mo.App., 251 S.W.2d 966, 971. In this connection, Annie Deardorff, being the niece of Mr. Haile's wife, is not an heir, she could not contest the will, and she could not complain of the fact that she had not been made a party to an action in which there had been a judgment *sustaining the will*. Kinsella v. Kinsella, 353 Mo. 661, 183 S.W.2d 905; Thomson v. Butler, 8 Cir., 136 F.2d 644. Nevertheless, Annie L. Deardorff was a legatee and therefore a necessary party defendant to an action *to set the will aside* and the court did not err, for these particular reasons, in dismissing the petition. Eddie v. Parke's Ex'r, 31 Mo. 513; Fields v. Luck, 339 Mo. 1140, 100 S.W.2d 471.

The respondents have filed a motion to dismiss the appeal because the appellant's brief does not comply with Supreme Court Rule 1.08, 42 V.A.M.S. But as indicated from the disposition of the appeal upon its merits the violation is not so flagrant as to compel a dismissal and that motion is denied.

For the reasons indicated the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.